UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT and DORIS STEELE, ERIC R. CHAVEZ, ALEXANDRA DIAZ AND SONIA TORRES, on behalf of themselves and all others similarly situated, | ) ) ) ) | No. 1:08-cv-1880 |
| Plaintiffs, | ) ) ) | Judge Blanche M. Manning |
| vs. | ) ) | Magistrate Judge Martin C. Ashman |
| GE MONEY BANK, a federal savings bank; WMC MORTGAGE CORPORATION and WMC MORTGAGE, LLC | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT WMC MORTGAGE, LLC'S RENEWED AGREED MOTION FOR LEAVE TO FILE A BRIEF IN EXCESS OF FIFTEEN PAGES**

Defendant WMC Mortgage, LLC ("WMC"), by its undersigned attorneys, hereby respectfully renews its request for an order granting it leave to file an oversize brief that consolidates, into a single brief, its motion to dismiss Plaintiffs' amended class action complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), and its alternative motions to join necessary parties pursuant to Rules 12(b)(7) and 19, and to strike certain allegations and prayers for relief pursuant to Rule 12(f). Plaintiffs and defendant GE Money Bank, through their respective counsel, have indicated that they do not oppose the relief sought by this motion.

As grounds for this motion, WMC states as follows:

1. On May 20, 2008, this Court granted Defendants' Joint Motion for Extension of Time to Answer or Otherwise Respond. Pursuant to the schedule agreed upon by the parties, the

316807v03

Court established July 2, 2008 as the date for defendants to answer or otherwise respond to the Amended Complaint.

2.      On June 26, 2008, WMC filed a Motion for Leave to Extend Filing Deadline and for Leave to File a Brief in Excess of Fifteen Pages ("June 26 Motion"), in which it requested an additional nine days for defendants each to file their respective Rule 12 motions and supporting memoranda of law.

3.      In the June 26 Motion, WMC also requested leave to file a brief in excess of fifteen pages. In support of that request, WMC described in summary fashion its need for more than the 15 pages normally allowed under the Local Rules, but did not discuss its anticipated arguments in detail.

4.      On June 30, 2008, this Court granted the June 26 Motion to the extent that it sought an extension of time, but denied, without prejudice, the request for leave to file an oversize brief, stating that "WMC has not provided sufficient justification (or, indeed, an explanation) for its request to file a brief of more than double the pages allowed by the Local Rules."

5.      WMC hereby renews its June 26 Motion, laying out below the explanation and justification for its request for a total of 35 pages in which to address its three Rule 12 motions and the multiple arguments thereunder.

6.      Plaintiffs, asserted "minority homeowners," bring individual and putative class claims against WMC and co-defendant GE Money Bank under the Equal Credit Opportunity Act, 15 U.S.C. §1691, et seq. ("ECOA"), and the Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA") related to the mortgage loans they each assertedly obtained from either WMC or GE Money Bank using the services of a (non-party) mortgage broker of their own choosing. *See*,

*e.g.*, Am. Compl. ¶¶ 54-90.  In particular, Plaintiffs contend that certain "discretionary fees" imposed by their mortgage brokers caused them to pay higher loan costs than the average non-minority borrower.  *See*, *e.g.*, Am. Compl. ¶¶ 57, 66, 75, 83, 107-119, 116-117.  Although Plaintiffs concede that the "discretionary fees" at issue were paid to their brokers (not to WMC), they seek to hold WMC liable for an alleged discriminatory impact of those fees under the ECOA and FHA, because WMC assertedly "allowed" the mortgage brokers – independent businesses that are not even alleged to have an exclusive relationship with WMC – to charge the fees to their customers (Plaintiffs).  *See*, *e.g.*, Am. Compl. ¶ 100.  Plaintiffs seek to represent a nationwide putative class of "minority consumers . . . who obtained a WMC home mortgage loan . . . and who were subject to the Defendants' [purported] Discretionary Pricing Policy pursuant to which they paid discretionary points, fees or interest rate mark-ups in connection with their loan." Am. Compl. ¶ 99.

7. WMC intends to move to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds, *inter alia,* that: (1) Plaintiffs have failed to state a claim for discrimination under the ECOA or the FHA under a "disparate treatment" theory, because they have failed to allege any facts whatsoever showing that WMC intended to discriminate against them, and (2) Plaintiffs have failed to state a claim for discrimination under the ECOA or the FHA under a "disparate impact" theory, because they have failed to allege facts (a) showing the existence of a purported disparate impact on a protected group, (b) identifying a specific practice or policy adopted by defendant; or (c) showing a causal connection between the specific challenged practice or policy and the alleged disparate impact.  For example, WMC will explain why the purported "Discretionary Pricing Policy" is not a "policy" at all within the meaning of the ECOA or FHA, because it amounts to no more than WMC assertedly "allowing" an

316807v03

independent third-party to determine its own pricing to its own customers. WMC also will explain, *inter alia*, that the Home Mortgage Disclosure Act ("HDMA") data cited in the Amended Complaint fails to support Plaintiffs' contentions of disparate impact, and further will address recent decisions in cases based on allegations of discrimination in mortgage lending practices.  WMC's motion to dismiss also will address the role of brokers in mortgage transactions -- generally, and in Plaintiffs' transactions (as alleged), as well as agency principles, in order to respond to Plaintiffs' argument that WMC may be held liable for the broker's actions under an agency theory.

8. In addition, WMC's motion to dismiss will demonstrate that the claims of one Plaintiff, Ms. Diaz, who alleges that she obtained a mortgage loan from GE Money Bank (and alleges no conduct by WMC with respect to that loan), must be dismissed as to WMC for that reason too.

9. WMC intends to move to dismiss the Amended Complaint in the alternative, pursuant to Fed. R. Civ. P. 12(b)(7) based on Plaintiffs' failure to join necessary parties, namely the third-party mortgage brokers with whom Plaintiffs each dealt in connection with the mortgage loans at issue.  WMC will show that Plaintiffs need to join the non-party brokers, *inter alia*, (1) in order for complete relief to be accorded to the parties, and (2) because the non-party brokers' interests will be affected by the outcome of this action.  *See* Fed. R. Civ. P. 19(a)(1). WMC will explain the role of mortgage brokers in the mortgage lending industry, and with respect to the "discretionary fees" at issue here, and will address applicable law under Rule 19, including explaining, *inter alia,* how both the brokers and WMC would be prejudiced if the brokers are not joined.

316807v03

10. In addition, assuming <u>arguendo</u> that the Court does not dismiss the entire Amended Complaint, WMC alternatively intends to move to strike certain of Plaintiffs' allegations and prayers for relief pursuant to Fed. R. Civ. P. 12(f). For example, WMC will argue that all of Plaintiffs' allegations as to equitable tolling should be stricken as immaterial, because each of the Plaintiffs' claims is alleged to be timely without resort to any form of tolling. Likewise, Plaintiffs' allegations of fraudulent concealment should be stricken because they are not pled with the requisite particularity. In addition, WMC will demonstrate that Plaintiffs' prayers for equitable monetary relief must be dismissed because, *inter alia,* the ECOA and FHA provide adequate remedies at law.

11. Courts grant motions to file briefs in excess of specified page limits when the filing party needs additional pages in order to provide a thorough analysis and evaluation of the issues and legal theories being advanced.. *See*, *e.g.*, <u>Jannota v. Subway Sandwich Shops, Inc.</u>, 1995 WL 337014, at *7 n.3 (N.D. Ill. June 1, 1995).

12. WMC has completed enough work to see that its arguments would best be presented in a single, consolidated memorandum of law in support of its three motions. Such an approach would be more efficient, and likely would result in fewer total pages being filed than if three separate motions (under 12(b)(6), 12(b)(7) and 12(f), each with a separate supporting memoranda of law) were filed, as there will be no need for repetitive introductory and background sections, especially because many of the issues raised by the Rule 12(b)(6) motion also relate to the 12(b)(7) motion. In light of the efficiencies that would be gained by filing a consolidated memorandum of law, WMC believes that it would be able fairly to present its consolidated arguments in no more than 35 pages.

316807v03

13. As stated in the June 26 Motion, on June 26, 2008, counsel for WMC contacted Gary Klein, Esq., one of the attorneys for Plaintiffs. WMC's counsel expressed WMC's desire to file a single, consolidated brief of no more than 35 pages. Mr. Klein stated that Plaintiffs do not oppose WMC's request. In addition, as stated in the June 26 Motion, WMC conferred with co-defendant GE Money Bank, and GE Money Bank likewise does not oppose WMC's request.

WHEREFORE, for the reasons set forth above, WMC respectfully requests that this Court enter an order granting WMC leave to file a consolidated memorandum of law that is no more than 35 pages in support of its combined motions under Fed. R. Civ. P. 12(b)(6), 12(b)(7) and 12(f).

Respectfully submitted,

**Counsel for WMC**

Dated: July 2, 2008

/s James L. Thompson
James L. Thompson - 6199621
Justin C. Steffen
JENNER & BLOCK, LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Denise Plunkett
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: 212-277-6519 | eFax: 917-591-5254
PlunkettD@dicksteinshapiro.com

316807v03

## CERTIFICATE OF SERVICE

I, James L. Thompson, hereby certify that a true and correct copy of the foregoing **Renewed Agreed Motion for Leave to File a Brief in Excess of Fifteen Pages** was served via the CM/ECF system on July 2, 2008 to the following counsel of record:

| | |
|---|---|
| Al Hofeld, Jr.<br>LAW OFFICES OF AL HOFELD, JR., LLC<br>208 S. LaSalle Street, Suite #1650<br>Chicago, IL 60604<br><br>Gary Klein<br>RODDY KLEIN & RYAN<br>727 Atlantic Ave<br>2nd Floor<br>Boston, MA 02111<br><br>Andrew S Friedman<br>Wendy J. Harrison<br>BONNETT, FAIRBOURN, FRIEDMAN &<br>BALINT, P.C.<br>2901 North Central Avenue<br>Suite 1000<br>Phoenix, AZ 85012<br><br>Lori Ann Fanning<br>Marvin Alan Miller<br>MILLER LAW LLC<br>115 South LaSalle Street<br>Suite 2910<br>Chicago, IL 60603 | Eric N. Macey<br>Kristen Werries Collier<br>NOVACK & MACEY LLP<br>100 North Riverside Plaza<br>Chicago, Illinois 60606<br>Telephone: (312) 419-6900<br>Facsimile: (312) 419-6928<br><br>Richard Rothman<br>John Mastando<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

                                                            s/ Justin C. Steffen

316807v03