(Revised 06/08)

# United States District Court  Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| Case Title: | HERBERT and DORIS STEELE, et al. | Plantiff(s) |
|---|---|---|
| | VS. | |
| | GE MONEY BANK, et al. | Defendant(s) |

| Case Number: 08-cv-1880 | Judge: Manning |
|---|---|

I, _____Jay N. Fastow_____ hereby apply to the Court

under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

_____WMC Mortgage, LLC, f/k/a WMC Mortgage Corporation_____ by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| See Exhibit A | |
| | |
| | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*If denied, please explain:
(Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

**Has the applicant designated local counsel?   Yes ⦿      No ○**

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

| Has the applicant ever been: | | |
|---|---|---|
| censured, suspended, disbarred, or witherwise disciplined by any court? | Yes ○ | No ⦿ |
| or is the applicant currently the subject of an investigation of the applicant's professional conduct? | Yes ○ | No ⦿ |
| transferred to inactive status, voluntarily withdrawn, or resigned from the bar of nay court? | Yes ○ | No ⦿ |
| denied admission to the bar of any court? | Yes ○ | No ⦿ |
| held in contempt of court? | Yes ○ | No ⦿ |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois, effective November 12, 1991 (Local Rules 83.50 through 83.58), and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, effective December 15, 1992, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

| Jul 21, 2008 | s/ Jay N. Fastow |
|---|---|
| Date | Electronic Signature of Applicant |

| Applicant's Name | Last Name<br>Fastow | First Name<br>Jay | Middle Name/Initial<br>N. |
|---|---|---|---|
| Applicant's Law Firm | Dickstein Shapiro LLP | | |
| Applicant's Address | Street Address<br>1177 Avenue of the Americas | | Room/Suite Number |
| | City<br>New York | State<br>NY | ZIP Code<br>10036 | Work Phone Number<br>212-277-6767 |

(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of the Court. The fee for admission to the General Bar is $100.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

## Exhibit A

| | |
|---|---|
| Courts of the State of New York | 6/28/78 |
| United States District Court for the Southern District of New York | 4/22/80 |
| United States District Court for the Eastern District of New York | 11/5/80 |
| United States District Court for the Northern District of California | 6/24/82 |
| United States Court of Appeals for the Ninth Circuit | 6/4/84 |
| United States Supreme Court | 3/25/85 |
| United States Court of Appeals for the Third Circuit | 11/20/85 |
| United States Court of Appeals for the Second Circuit | 6/19/97 |
| United States Court of Appeals for the Sixth Circuit | 12/5/00 |
| United States Court of Appeals for the Fifth Circuit | 4/25/01 |

I also was admitted to the United States District Court for the District of Arizona on February 5, 1990. In September 1999, the United States District Court for the District of Arizona amended its Local Rule 1.5 to state: "Admission to and continuing membership in the bar of this Court is limited to attorneys who are active members in good standing of the State Bar of Arizona." Accordingly, as I am not a member of the State Bar of Arizona, I am no longer admitted to the United States District Court for the District of Arizona.

DOCSNY-319322v01