UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT and DORIS STEELE, ERIC R. CHAVEZ, ALEXANDRA DIAZ AND SONIA TORRES, on behalf of themselves and all others similarly situated, ) ) ) ) | No. 1:08-cv-1880 |
| ) | |
| Plaintiffs, ) | Judge Blanche M. Manning |
| vs. ) | |
| ) | Magistrate Judge Martin C. Ashman |
| GE MONEY BANK, a federal savings bank; WMC MORTGAGE CORPORATION and WMC MORTGAGE, LLC ) ) ) | |
| ) | |
| Defendants. ) | |

**INITIAL JOINT STATUS REPORT**

The parties hereby submit an initial joint status report as required, through their respective undersigned counsel.

Pursuant to Fed.R.Civ.P. 26(f) and Judge Manning's Case Management Procedures, a discovery conference was held on August 5, 2008 by telephone and was attended by:

Gary Klein and Andrew Friedman for Plaintiffs Herbert & Doris Steele, Eric R. Chavez, Alexandra Diaz, Sonia Torres, and putative class;

James L. Thompson and Denise Plunkett for Defendant WMC Mortgage LLC, the successor to WMC Corp ("WMC"); and

John P. Mastando III for Defendant GE Money Bank ("GEMB").

**A.   Statement Of Nature Of The Case**

   **(1)   Bases For Jurisdiction And Nature Of The Claims**

   **Jurisdiction:** Plaintiffs allege that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because federal claims under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.*, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, are alleged.

**(2)  Relief Sought By Plaintiffs, Including Computation Of Claimed Damages, If Available**

Plaintiffs' Amended Complaint seeks class certification, declaratory relief, injunctive relief, disgorgement, restitution, actual and punitive damages, and attorneys' and experts' fees and costs.

**(3)  Names Of Any Parties That Have Not Been Served**

All named parties have been served.  Defendants assert that necessary but absent parties (Plaintiffs' mortgage brokers) are not yet joined as required under Rule 19.  See Memorandum in Support of Motions of Defendant WMC Mortgage Corp to Dismiss for Failure to State a Claim, or in the Alternative to Join Necessary Parties and to Strike Certain Allegations in the Amended Complaint (filed July 11, 2008) ("WMC's Motion to Dismiss").  Plaintiffs will be filing an opposition to WMC's Motion to Dismiss and GE Money Bank's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6), or, in the Alternative, to Strike Certain Allegations Pursuant to 12(f) (collectively "Defendants' Motions to Dismiss") and plan to file an agreed motion seeking leave of Court to file their opposition brief on September 2, 2008 and Defendants' reply briefs on September 19, 2008.

**(4)  Major Legal Issues**

The parties direct the Court's attention to their briefs on Defendants' Motions to Dismiss, which discuss several of the major legal issues raised by the Amended Complaint.  In addition, based on information and knowledge currently available to the parties, the parties assert that the Amended Complaint raises, without limitation, the following major legal issues:

**Plaintiffs' Position:**

    a. Whether Plaintiff may maintain a class action pursuant to Federal Rule of Civil Procedure Rule 23, and, if so, the appropriate class period and scope of the purported class.

    b. Whether Defendants' residential mortgage lending policies and procedures violate the ECOA.

    c. Whether Defendants' residential mortgage lending policies and procedures violate the FHA.

    d. Whether Defendants' lending policies and procedures have an impermissible disparate impact on minority borrowers.

    e. Whether there is any business justification for Defendants' mortgage pricing policies.

    f. Whether there are less discriminatory alternatives to these mortgage pricing policies.

    g. Whether Plaintiffs each suffered a legally cognizable harm proximately caused by Defendants.

    h. Whether Plaintiff and the proposed class are entitled to injunctive relief, monetary relief, other equitable relief, costs of suit, attorneys' fees and/or punitive damages.

    i. Whether claims of Plaintiffs or the putative class are barred by the applicable statutes of limitations.

    j. The application of equitable tolling principles and the continuing violations doctrine.

**Defendants' Position**

    a.    The sufficiency of the allegations in the Amended Complaint;

    b.    The absence of necessary and indispensable parties to the action;

    c.    The application of statutes of limitations;

    e.    Whether fraudulent concealment has been alleged with adequate particularity;

    f.    The availability of prospective equitable relief, equitable monetary relief, punitive damages and/or the availability of any other relief sought by Plaintiffs;

    g.    The existence of an asserted disparate impact on (i) the named Plaintiffs, (ii) the protected group and (iii) the putative class;

    h.    The meaning and significance of the statistical data alleged in the Amended Complaint;

    i.    Whether Plaintiffs' mortgage brokers were agents of Defendants;

    j.    Whether each of the named Plaintiffs may represent putative class members;

    k.    Whether the claims asserted in the Amended Complaint may be adjudicated on a class-wide basis;

    l.    Whether individualized issues bar class certification and/or class-wide monetary relief;

    m.    Whether Defendants each had a asserted "policy" within the meaning of the ECOA and/or FHA that was the cognizable cause of the asserted disparate impact and Plaintiffs' claimed injury;

    n.    Whether Plaintiffs each suffered a legally cognizable harm that was cognizably caused by Defendants;

    o.    Whether any asserted "policy" allegedly resulting in a disparate impact is justified because it serves a legitimate business goal of WMC and/or GEMB;

    p.    Whether Plaintiffs may seek to represent putative class members for whom the limitations period for any purported ECOA and/or FHA claim has run;

    q.    Whether any basis exists to hold GE Money Bank liable for purported violations of the ECOA and/or FHA in connection with loans originated by WMC Mortgage Corporation; and

    r.    Whether any basis exists to hold WMC Mortgage Corporation liable for purported violations of the ECOA and/or FHA in connection with loans originated by GE Money Bank.

The parties reserve their rights to raise any other legal issues.

**(5)**    **Major Factual Issues**

Based on information and knowledge currently available to the parties, the parties assert that the Amended Complaint raises, without limitation, the following major factual issues:

**Plaintiffs' Position**

Many of the legal issues above contain mixed issues of law and fact including:

    a.    Whether class certification is appropriate under Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3);

b. Whether Defendants have any discriminatory underwriting, or credit pricing policies and/or whether Defendants' underwriting and pricing policies impose higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers;

c. Whether Defendants' mortgage pricing policies have a disparate impact on Plaintiffs and the class;

d. Whether the disparate impact can be shown through statistical and other analysis;

e. Whether the Defendants have a business justification for their mortgage pricing policies;

f. Whether there are any less discriminatory alternatives to these mortgage pricing policies;

g. Whether Plaintiff and the putative class are entitled to injunctive relief, monetary relief and other equitable relief, and punitive damages; and

h. Whether statute of limitations may bar Plaintiffs' or class claims.

**Defendants' Position**

a. The facts and circumstances surrounding Plaintiffs' financing and refinancing transactions.

b. Plaintiffs' credit profiles and circumstances related thereto.

c. The facts and circumstances surrounding Defendants' consideration and approval of Plaintiffs' loan transactions at issue in the Amended Complaint.

    d.    The facts and circumstances surrounding Defendants' relationships and agreements with the Plaintiffs' mortgage brokers.

    e.    The facts and circumstances surrounding any claimed "policy" of each of the Defendants with respect to the loan transactions at issue in the Amended Complaint.

    f.    The facts and circumstances surrounding Plaintiffs' relationships, communications, and interactions with their mortgage brokers and any other mortgage brokers or lenders.

    g.    Policies and practices of the mortgage brokerage firms including, without limitation, with respect to internal fee determinations.

    h.    Whether Plaintiffs share sufficient attributes with the putative class that would indicate typicality, commonality, and adequacy of representation as required by Federal Rule of Civil Procedure 23.

The parties reserve their rights to raise any other factual issues.

**(6)    Citations To Key Authorities Which Will Assist The Court In Understanding and Ruling On The Issues.**

The parties direct the Court's attention to their briefs on Defendants' Motions to Dismiss, which cite to several of the authorities that are relevant to certain of the legal issues in question. The parties will provide the Court with additional pertinent legal authorities as the litigation progresses.

B.   **Draft Scheduling Order**

**Defendants' Proposed Temporary Stay of Discovery and Disclosures; Plaintiffs Oppose a Stay**

Contemporaneously herewith, Defendants filed a Motion for Leave to File *Instanter* Defendants' Motion to Stay Discovery and Disclosures Temporarily. Plaintiffs oppose a stay of discovery and will file a responsive brief accordingly.

If the Court grants Defendants' Motion to Stay Discovery, the parties propose that they file a joint report and proposed scheduling order regarding discovery 21 days after a ruling on the Motions to Dismiss.

**The Parties' Joint Proposed Scheduling Order[1]**

If the Court denies Defendants' Motion to Stay Discovery, the parties propose the following schedule, and request a Rule 16(a) conference with the Court before entry of the scheduling order:

**Answer/Joinder of Parties/Amendment of Pleadings**

   Plaintiffs to join parties or amend pleadings:

   15 days after decision on Motions to Dismiss.

   Defendants to Answer or otherwise respond:

   45 days from any amended pleading or from the date that Plaintiffs notify Defendants that they do not intend to further amend their complaint.

**Class Certification**

   Plaintiffs' deadline for serving Motion for Class Certification:

   210 days from Answers of all parties and no sooner than 150 days from Answers of all parties; Motion shall include any expert declaration Plaintiffs intend to rely upon in their motion for class certification.

---

[1] The parties' proposed schedule is subject to amendment by Court order.

    Deposition of Plaintiffs' (Class) Experts:

        within 15 days after Plaintiffs' Motion for Class Certification is served.

    Defendants' deadline for serving Opposition to Class Certification:

        45 days after conclusion of deposition of Plaintiffs' experts.

    Deposition of Defendants' (Class) Experts:

        within 15 days of Opposition to Class Certification.

    Plaintiffs' deadline for serving Reply Brief in support of Class Certification:

        30 days after conclusion of deposition of Defendants' experts; any expert declarations shall be limited to rebuttal only.

    Hearing on Class Certification Motion:

        date to be determined by the Court.

**Fact Discovery**

26-Sept-08    Rule 26(a)(1) disclosures, to be designated for "attorneys eyes only" confidentiality treatment until an appropriate stipulated confidentiality agreement and protective order is entered.

        Close of Fact Discovery:

            60 days after decision on Class Certification Motion.

**Expert Discovery (Merits)**

    Deadline for serving Plaintiffs' (Merits) Expert Report(s):

        30 days after decision on Class Certification Motion.

    Deposition of Plaintiffs' (Merits) Expert(s):

        within 30 days of Plaintiffs' expert report(s).

    Deadline for serving Defendants' (Merits) Expert Report(s):

        within 60 days of last date to depose Plaintiffs' expert(s).

    Deposition of Defendants' (Merits) Expert(s):

        within 30 days of Defendant expert report(s).

    Plaintiffs' Rebuttal Report(s):

        within 30 days of Deposition of Defendants' (Merits) Experts.

9

**Dispositive Motions**

    <u>Plaintiffs' Position:</u>

    Must be served no later than 60 days after close of all discovery.

    <u>Defendants' Position:</u>

    Must be served no later than 60 days after the later of (1) Close of Expert Discovery (Merits), or (2) Completion of Class Notice and Opt-out Period (if applicable).

**Trial**

    Trial to commence on a date as set by the Court, after the Court's decision on any dispositive motions and the filing of the parties' final pre-trial order materials.

---

**Plaintiffs' Position**

Plaintiffs require discovery from Defendants on the following general subject areas:

    (a)    Statistical and other analyses of the impact of Defendants' policies, practices and procedures on minority borrowers;

    (b)    Defendants' electronic loan, pricing and underwriting data and Defendants' electronically stored information concerning fair lending compliance and interactions and oversight of loan employees, correspondent banks and mortgage brokers;

    (c)    The requirements for class certification under Federal Rules of Civil Procedure 23(a); (b)(2) and/or (b)(3);

(d) Defendants' corporate structure, current loan origination and servicing operations and any acquisitions or divestitures of any mortgage loan business operations or loan portfolios;

(e) Defendants' policies, practices, procedures and conduct regarding pricing, underwriting, compensation and oversight of loan officers, correspondent banks and mortgage brokers and fair lending oversight or compliance;

(f) Defendants' loan products available during the applicable time period, Defendants' distribution and loan origination channels and Defendants' placement and location or retail branches;

(g) Any alleged business necessity or justification for Defendants' alleged discriminatory policies and practices;

(h) The existence of less discriminatory alternatives; and

(i) Appropriate remedies including injunctive relief, monetary relief and other equitable relief.

**Defendants' Position**

If and when discovery proceeds, Defendants would require discovery from Plaintiffs regarding, *inter alia*: (a) each of the Plaintiffs' financial information, including without limitation their respective income, credit history, tax returns, financial statements, lists of assets and pay stubs; (b) each of the Plaintiffs' history and experience with consumer credit transactions, including without limitation home mortgage financing or refinancing transactions; (c) each of the Plaintiffs' real property financing or refinancing transactions; (d) any dealings between Plaintiffs and any of the Defendants; (e) any dealings between Plaintiffs and any mortgage brokers with whom they communicated in connection with any real property financing

or refinancing transactions, including without limitation the mortgage brokers with whom they dealt in connection with the challenged loan transactions.

Defendants would also require, if and when discovery proceeds, discovery from Plaintiffs' mortgage brokers, who are necessary parties to this action, regarding, *inter alia*: (a) each of the mortgage brokerage firm's policies and procedures on fee determination; (b) each of the mortgage brokerage firm's policies and procedures on training and supervision of brokers; (c) each of the mortgage brokerage firm's advertising campaigns and advertising strategies; (d) each of the mortgage brokerage firm's strategies for "cold calling" or otherwise developing loan origination opportunities; and (e) facts and circumstances particular to individual brokers involved in Plaintiffs' transactions including, but not limited to, communications with Plaintiffs and the respective broker's background, training, supervision, and usual business practices.

Defendants would also require, if and when discovery proceeds, discovery from third parties regarding, *inter alia*, communications with Plaintiffs for home financing or refinancing.

**C.**     **Trial Status**

**(1)**     **Jury Request:** A jury has been requested.

**(2)**     **Trial Length:** At this time the parties estimate that a trial in this action, if any, would require approximately two to three weeks.

**D.**     **Consent to Proceed Before a Magistrate Judge**

The parties have not unanimously agreed to proceed before Magistrate Judge Ashman.

**E.**     **Settlement Status**

**(1)**     **Settlement Discussions:** Given Defendants' belief that the case can and should be resolved by their Rule 12(b)(6) motions, the parties have not engaged in settlement

discussions. The parties believe that settlement cannot be evaluated prior to the Court's decision on the pending motions to dismiss.

      **(2)**    **Settlement Conference:** The parties are willing to have a settlement conference with Judge Manning or a Magistrate Judge at some point after the decision on Defendants' motions to dismiss, if the Court so pleases.

**F.**    **Principal Counsel Must Appear For Initial Status**

      The respective principal attorneys of record for all named parties intend to appear at the Initial Status Conference.

Dated: August 8, 2008

Respectfully submitted,

| PLAINTIFFS | WMC MORTGAGE LLC |
|---|---|
| By their attorneys, | By its attorneys, |
| s/ Wendy J. Harrison (with consent) | s/ James L. Thompson |
| Wendy J. Harrison (admitted *pro hac vice*) | James L. Thompson  6199621 |
| Andrew S. Friedman (admitted *pro hac vice*) | Justin C. Steffen |
| Bonnett, Fairbourn, Friedman & Balint, P.C. | JENNER & BLOCK, LLP |
| 2901 N. Central Avenue, Suite 1000 | 330 N. Wabash Avenue |
| Phoenix, Arizona 85012 | Chicago, IL  60611 |
|  | Telephone: (312) 222-9350 |
| Al Hofeld, Jr. | Facsimile:  (312) 527-0484 |
| LAW OFFICES OF AL HOFELD, JR., LLC |  |
| And The Social Justice Project, Inc. | Denise L. Plunkett |
| 208 S. La Salle Street, suite #1650 | DICKSTEIN SHAPIRO LLP |
| Chicago, IL 60603 | 1177 Avenue of the Americas |
|  | New York, NY  10036 |
| Marvin A. Miller | Telephone: (212) 277-6500 |
| Lori A. Fanning | Facsimile:  (212) 277-6501 |
| MILLER LAW LLC |  |
| 115 South LaSalle Street, Ste. 2910 | GE MONEY BANK |
| Chicago, IL 60603 |  |
| Telephone:  (312) 676-2665 | By its attorneys, |
| Facsimile:  (312) 676-2676 |  |
|  | s/ Eric N. Macey (with consent) |
| Gary Klein (BBO 560769) | Eric N. Macey |
| Shennan Kavanagh (BBO 655174) | Kristen Werries Collier |
| Kevin Costello (BBO 669100) | NOVACK AND MACEY LLP |
| RODDY KLEIN & RYAN | 100 North Riverside Plaza |
| 727 Atlantic Avenue | Chicago, IL  60606 |
| Boston, MA  02111-2810 | (312) 419-6900 |
| Tel:  (617) 357-5500 |  |
| Fax:  (617) 357-5030 | John P. Mastando III |
|  | Walter E. Zalenski |
| Mark A. Chavez | WEIL, GOTSHAL & MANGES LLP |
| Jonathan Gertler | 767 Fifth Avenue |
| Nance F. Becker | New York, NY  10153 |
| CHAVEZ & GERTLER, L.L.P. | (212) 310-8000 |
| 42 Miller Avenue |  |
| Mill Valley, CA 94941 |  |
| Telephone:  (415) 381-5599 |  |
| Facsimile:  (415) 381-5572 |  |

| | |
|---|---|
| John J. Stoia, Jr.<br>Theodore J. Pintar<br>Leslie E. Hurst<br>COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058 | |

## **CERTIFICATE OF SERVICE**

I, Justin C. Steffen, hereby certify that a true and correct copy of the foregoing **Initial Joint Status Report** was served via the CM/ECF system on August 8, 2008 to the following counsel of record:

| | |
|---|---|
| Al Hofeld, Jr.<br>LAW OFFICES OF AL HOFELD, JR., LLC<br>208 S. LaSalle Street, Suite #1650<br>Chicago, IL 60604<br><br>Gary Klein<br>RODDY KLEIN & RYAN<br>727 Atlantic Ave<br>2nd Floor<br>Boston, MA 02111<br><br>Andrew S Friedman<br>Wendy J. Harrison<br>BONNETT, FAIRBOURN, FRIEDMAN &<br>BALINT, P.C.<br>2901 North Central Avenue<br>Suite 1000<br>Phoenix, AZ 85012<br><br>Lori Ann Fanning<br>Marvin Alan Miller<br>MILLER LAW LLC<br>115 South LaSalle Street<br>Suite 2910<br>Chicago, IL 60603 | Eric N. Macey<br>Kristen Werries Collier<br>NOVACK & MACEY LLP<br>100 North Riverside Plaza<br>Chicago, Illinois 60606<br>Telephone: (312) 419-6900<br>Facsimile: (312) 419-6928<br><br>John Mastando III<br>Walter E. Zalenski<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

s/ Justin C. Steffen