UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT and DORIS STEELE, ERIC R. CHAVEZ, ALEXANDRA DIAZ AND SONIA TORRES, on behalf of themselves and all others similarly situated, ) ) ) ) | No. 1:08-cv-1880 |
| Plaintiffs, ) | Judge Blanche M. Manning |
| vs. ) ) | Magistrate Judge Martin C. Ashman |
| GE MONEY BANK, a federal savings bank; WMC MORTGAGE CORPORATION and WMC MORTGAGE, LLC ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE *INSTANTER* DEFENDANTS' MOTION TO STAY DISCOVERY AND DISCLOSURES TEMPORARILY**

Defendants WMC Mortgage LLC ("WMC"), successor to WMC Mortgage Corp, and GE Money Bank ("GEMB"), by their undersigned attorneys, respectfully move this Court for leave to file *instanter* a motion to stay discovery pending resolution of Defendants' motions to dismiss and such time as the Court determines that Plaintiffs have stated a viable claim, if ever. See attached Defendants' Motion to Stay Discovery and Disclosures Temporarily.

Defense counsel recognizes that the Court's case management procedures regarding "Discovery Schedules and Motions" indicate that a motion to stay discovery typically is to be filed with the motion to dismiss. Defendants filed their motions to dismiss on July 11, 2007. To date, Plaintiffs have not opposed Defendants' motions to dismiss. Under the current briefing schedule set forth in the Court's Minute Order dated July 16, 2008, Plaintiffs are to file their opposition to the motions to dismiss on August 14, 2008, and Defendants are to file their reply briefs by August 28, 2008. Plaintiffs plan to file an agreed motion seeking leave of Court to file

their opposition brief on September 2, 2008 and Defendants' reply briefs on September 19, 2008. In addition, today the parties have also filed an Initial Joint Status Report. In connection with the August 5, 2008 discovery conference described therein, counsel for Defendants discussed a temporary stay of discovery with counsel for Plaintiffs and sought their agreement. Plaintiffs' counsel subsequently informed Defendants that they do not consent to stay discovery temporarily at this time.

The minimal delay between the filing of the motions to dismiss and the filing of the motion to stay will not prejudice the plaintiffs. Neither side has even served discovery requests, so the stay will not interrupt ongoing, substantive productions. In addition, the instant motion is being filed contemporaneously with the parties' Initial Joint Status Report and no initial status conference has been held yet with the Court. Therefore, in the interests of justice, the Court should allow Defendants to file *instanter* their attached Defendants' Motion to Stay Discovery and Disclosures Temporarily and resolve that motion on its merits.

WHEREFORE, Defendants respectfully request that the Court enter an order granting Defendants leave to file their motion to stay discovery.

Dated: August 8, 2008

Respectfully submitted,

| **Counsel for WMC** | **Counsel for GEMB** |
|---|---|
| s/ James L. Thompson_____<br>James L. Thompson - 6199621<br>Justin C. Steffen<br>JENNER & BLOCK, LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611<br>Telephone: (312) 222-9350<br>Facsimile: (312) 527-0484<br><br>Denise Plunkett<br>DICKSTEIN SHAPIRO LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212-277-6519 \| eFax: 917-591-5254<br>PlunkettD@dicksteinshapiro.com | s/ Eric N. Macey (with consent)<br>Eric N. Macey<br>Kristen Werries Collier<br>NOVACK & MACEY LLP<br>100 North Riverside Plaza<br>Chicago, Illinois 60606<br>Telephone: (312) 419-6900<br>Facsimile: (312) 419-6928<br><br>John Mastando III<br>Walter E. Zalenski<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

## CERTIFICATE OF SERVICE

I, Justin C. Steffen, hereby certify that a true and correct copy of the foregoing **Defendants' Motion For Leave to File Instanter Defendants' Motion to Stay Discovery and Disclosures Temporarily** and **Notice of Motion** were served via the CM/ECF system on August 8, 2008 to the following counsel of record:

| | |
|---|---|
| Al Hofeld, Jr.<br>LAW OFFICES OF AL HOFELD, JR., LLC<br>208 S. LaSalle Street, Suite #1650<br>Chicago, IL 60604<br><br>Gary Klein<br>RODDY KLEIN & RYAN<br>727 Atlantic Ave<br>2nd Floor<br>Boston, MA 02111<br><br>Andrew S Friedman<br>Wendy J. Harrison<br>BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.<br>2901 North Central Avenue<br>Suite 1000<br>Phoenix, AZ 85012<br><br>Lori Ann Fanning<br>Marvin Alan Miller<br>MILLER LAW LLC<br>115 South LaSalle Street<br>Suite 2910<br>Chicago, IL 60603 | Eric N. Macey<br>Kristen Werries Collier<br>NOVACK & MACEY LLP<br>100 North Riverside Plaza<br>Chicago, Illinois 60606<br>Telephone: (312) 419-6900<br>Facsimile: (312) 419-6928<br><br>John Mastando III<br>Walter E. Zalenski<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

                    s/ Justin C. Steffen

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT and DORIS STEELE, ERIC R. CHAVEZ, ALEXANDRA DIAZ AND SONIA TORRES, on behalf of themselves and all others similarly situated, ) ) ) ) ) | No. 1:08-cv-1880 |
| Plaintiffs, ) | Judge Blanche M. Manning |
| vs. ) ) | Magistrate Judge Martin C. Ashman |
| GE MONEY BANK, a federal savings bank; WMC MORTGAGE CORPORATION and WMC MORTGAGE, LLC ) ) ) ) | |
| Defendants. ) | |

**Motion to Stay Discovery and Disclosures Temporarily**

Defendants WMC Mortgage, LLC ("WMC"), successor to WMC Mortgage Corp, and GE Money Bank ("GEMB") respectfully move the Court for the entry of an order temporarily staying discovery and Rule 26 disclosures pending the Court's ruling on Defendants' respective Motions to Dismiss the Amended Complaint, filed July 11, 2008 and such time as the Court determines that Plaintiffs have stated a viable claim (if ever). This temporary stay would serve the interests of judicial efficiency, avoid potentially needless and substantial expenditures on discovery when the scope of the case is largely unknown, and avoid inefficiently commencing discovery absent necessary parties. In support of this motion, Defendants state as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiffs, asserted "minority homeowners," bring claims against WMC and GEMB under the Equal Credit Opportunity Act, 15 U.S.C. §1691, et seq. ("ECOA"), and the Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA") related to the certain fees

paid in connection with mortgage loans they each assertedly obtained from either WMC or GEMB using the services of a (non-party) mortgage broker of their own choosing. See, e.g., Am. Compl. ¶¶ 54-90.  Plaintiffs contend that certain "discretionary fees" imposed by their mortgage brokers were higher than those paid by the average non-minority borrower.  See, e.g., Am. Compl. ¶¶ 57, 66, 75, 83, 107-119, 116-117.  Although Plaintiffs concede that the "discretionary fees" at issue were paid, directly or indirectly, to their brokers (not to WMC or GEMB), they seek to hold Defendants liable for an alleged discriminatory impact of those fees under the ECOA and FHA, because Defendants assertedly "allowed" the mortgage brokers – independent businesses that are not even alleged to have an exclusive relationship with WMC or GEMB – to charge the fees to their own customers (Plaintiffs).  See, e.g., Am. Compl. ¶ 100.  Plaintiffs seek to represent a nationwide putative class of "minority consumers . . . who obtained a WMC home mortgage loan . . . and who were subject to the Defendants' [purported] Discretionary Pricing Policy pursuant to which they paid discretionary points, fees or interest rate mark-ups in connection with their loan."  Am. Compl. ¶ 99.

2. In fact, the Amended Complaint, filed on April 3, 2008, is actually the fifth in a series of abandoned or amended complaints against WMC and GEMB filed by varying subsets of the seven law firms representing Plaintiffs in this action.  On September 13, 2007, certain of Plaintiffs' counsel filed a complaint in the Central District of California on behalf of Plaintiff Eric Chavez, asserting factual allegations nearly identical to those in the Amended Complaint, and asserting the same claims (and others). See Complaint, Chavez v. GE Money Bank, No. 2:07-5967 (C.D. Cal. filed Sept. 13, 2007).  On January 10, 2008, the Chavez attorneys, plus one more set of Plaintiffs'

2

counsel, filed an amended complaint in that action, adding Plaintiff Alexandria Diaz and factual allegations and claims related thereto. See Amended Complaint, Chavez, No. 2:07-5967 (C.D. Cal. filed Jan. 10, 2008). On January 25, 2008, a different subset of Plaintiffs' counsel filed another complaint in the Central District of California asserting factual allegations nearly identical to those here (and in Chavez), and asserting the same claims as here. See Complaint, Lopez v. GE Money Bank, No. 2:08-cv-479 (C.D. Cal. filed Jan. 25, 2008). Shortly thereafter, the Chavez action was voluntarily dismissed. See Notice of Dismissal, Chavez, No. 2:07-cv-5967 (C.D. Cal. filed Sept. 13, 2007). On April 1, 2008, a third subset of Plaintiffs' counsel filed the original complaint in this action, on behalf of two of Plaintiffs, Herbert and Doris Steele. Two days later, on April 3, 2008, those attorneys, together with the other three law firms that now represent Plaintiffs, filed the Amended Complaint, which is virtually identical to the original complaint, except that it names three new plaintiffs (including Plaintiffs Chavez and Diaz) and factual allegations and claims related thereto. On April 30, 2008, the Lopez action was voluntarily dismissed. See Notice of Dismissal, Lopez, No. 2:08-cv-479 (C.D. Cal. filed Jan. 25, 2008).

      3.      On July 11, 2008, WMC and GEMB each moved to dismiss Plaintiffs' Amended Complaint. See Motion by Defendant WMC Mortgage, LLC, to dismiss and Memorandum by WMC Mortgage, LLC, in support of motion to dismiss, and Motion by Defendant GE Money Bank to dismiss, and Memorandum by GE Money Bank, in support of motion to dismiss.

      4.      WMC moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds, inter alia, that: (1) Plaintiffs have failed to state a claim for

3

discrimination under the ECOA or the FHA under a "disparate treatment" theory, because they have failed to allege any facts whatsoever showing that WMC intended to discriminate against them, and (2) Plaintiffs have failed to state a claim for discrimination under the ECOA or the FHA under a "disparate impact" theory, because they have failed to allege facts (a) showing the existence of a purported disparate impact on a protected group, (b) identifying a specific practice or policy adopted by defendant; or (c) showing a causal connection between the specific challenged practice or policy and the alleged disparate impact and any alleged injury to Plaintiffs.

5.  In addition, WMC's motion to dismiss demonstrated that the claims of one Plaintiff, Ms. Diaz, who alleges that she obtained a mortgage loan from GEMB (and alleges no conduct by WMC with respect to that loan), must be dismissed as to WMC for that reason too.

6.  WMC also moved to dismiss the Amended Complaint in the alternative, pursuant to Fed. R. Civ. P. 12(b)(7), based on Plaintiffs' failure to join necessary parties, namely the third-party mortgage brokers with which Plaintiffs each dealt in connection with the mortgage loans at issue. WMC showed that Plaintiffs need to join the non-party brokers, inter alia, (1) in order for complete relief to be accorded to the parties, and (2) because the non-party brokers' interests will be affected by the outcome of this action. See Fed. R. Civ. P. 19(a)(1). Indeed, Plaintiffs' own allegations demonstrate that the absent non-party brokers (whom Plaintiffs selected) played a central role in the loan transactions at issue in this case. Plaintiffs allege that they dealt with the brokers, not WMC, in applying for and obtaining their mortgage loans, and that it was the brokers who imposed the "discretionary fees" at issue. See Am. Compl. ¶¶ 32, 37, 41, 49. In

particular, Plaintiffs concede that they paid certain of the asserted "discretionary fees" directly to their respective brokers. See Am. Compl. ¶¶ 57, 66, 75, 84. Plaintiffs further concede that the Yield Spread Premiums ("YSPs") referenced in connection with Mr. Chavez's and the Steeles' loans were paid by WMC to their respective brokers. Id. In contrast, Plaintiffs do not contend that they dealt directly with WMC, or negotiated any of the alleged "discretionary fees" at issue with WMC.

7.     In addition, were the Court not to dismiss the entire Amended Complaint, WMC alternatively moved to strike certain of Plaintiffs' allegations and prayers for relief pursuant to Fed. R. Civ. P. 12(f).

8.     On July 11, 2008, Defendant GEMB joined WMC's motion to dismiss, and in addition, moved to dismiss based on reasons pertinent to itself under Federal Rule of Civil Procedure 12(b)(6), on grounds, inter alia, that (1) Plaintiffs Herbert and Doris Steele, Chavez and Torres lack injury and standing to sue GEMB because their mortgage loans allegedly were not originated by GEMB, (2) Plaintiff Diaz lacked standing to assert a claim based upon a YSP because she did not allege that a YSP was paid in connection with her mortgage loan, and (3) that Plaintiff Diaz's allegation that she paid "other discretionary fees" fails to state a claim because the fees she allegedly paid were paid to her mortgage broker and such fees are not alleged to have anything to do with GEMB's pricing of the rate of Ms. Diaz's mortgage loan.

9.     In addition, were the Court not to dismiss the entire Amended Complaint, GEMB alternatively moved under Federal Rule of Civil Procedure 12(f) to strike Plaintiffs' class allegations against GEMB because the Amended Complaint seeks to

certify a class of minority borrowers who obtained a "WMC home mortgage loan," and there is no basis alleged to hold GEMB responsible for loans originated by WMC.

10. Under the current briefing schedule set forth in the Court's Minute Order dated July 16, 2008, Plaintiffs are to file their opposition to the motions to dismiss on August 14, 2008, and defendants are to file their reply briefs by August 28, 2008. As set forth in the parties' Initial Joint Status Report, filed contemporaneously herewith on August 8, 2008, Plaintiffs' plan to file an agreed motion seeking leave of Court to file their opposition brief on September 2, 2008 and Defendants' reply briefs on September 19, 2008.

11. Defendants request a temporary stay of discovery in the interests of judicial efficiency, the avoidance of potentially needless and massive expenditures on discovery, and the avoidance of inefficiently commencing discovery absent the Court's decision regarding whether certain claims (if any) may go forward and the joinder of necessary parties. As indicated in the Initial Joint Status Report, Plaintiffs intend to seek extremely broad discovery. For example, Plaintiffs' planned requests for discovery on loan originations implicate documentation of tens of billions of dollars worth of loans, presented by over 15,000 independent mortgage brokers. Simply stated, the parties should not be required to embark on an expensive and burdensome discovery process when the claims against both Defendants could be dismissed in their entirety in a matter of weeks.

### A. LEGAL STANDARD

12. The Supreme Court's recent decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1967 (2007), makes clear that motions to dismiss complaints where the

allegations fail to state a viable claim are the "only . . . hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence.'" Id. (quoting Dura Pharma., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). The costs of litigation and the increasing caseload of the federal courts counsel against pursuing discovery absent the likelihood that the plaintiff will be successful. Id.

13.     Temporary stays of discovery are frequently granted when motions thoroughly dispositive of the case are pending. For example, in Bilial v. Wolf, No. 06-cv-6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007), the court granted defendants' motion to stay discovery pending the resolution of the defendants' motion to dismiss. The court noted that such stays are granted with substantial frequency, and that "stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case, at least as to the moving party." Id. See also Institut Pasteur v. Chiron, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("It is well settled that discovery is considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (citation and quotation marks omitted).

14.     Indeed, District Courts within the Seventh Circuit have routinely granted motions to stay discovery while considering motions to dismiss. See, e.g. Cataldo v. City of Chicago, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002) (granting stay of discovery where "requiring the [defendant] to locate, copy and redact the documents when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources…."); R.E. Davis Chem. Corp. v. Nalco Chem. Co., 757 F. Supp. 1499, 1504

n.1 (N.D. Ill. 1990) (granting motion to dismiss with leave to replead and extending previously-entered stay of discovery until after defendant answered amended complaint).

B.   ARGUMENT

**(1) Discovery Should Be Stayed Temporarily Because Plaintiffs Have Failed To Allege Cognizable Claims Against Defendants**

15.   Discovery in this case should be temporarily stayed pending resolution of the Motions to Dismiss and such time as the Court determines that Plaintiffs have stated a viable claim (if ever) because the Amended Complaint does not assert sufficient factual bases for its claims.  Plaintiffs purport to assert FHA and ECOA claims against Defendants based on alleged discrimination in broker compensation and discretion.  As discussed in the Motions to Dismiss, the Amended Complaint should be dismissed for, among other reasons, its failure to allege facts actually involving Defendants that plausibly support any legally cognizable theory of discrimination or show a discriminatory impact caused by any policy of either defendant.

16.   Thus, the Amended Complaint fails to state facts showing that Plaintiffs have a viable case that would justify forcing Defendants to undergo costly discovery. See Twombly, 127 S. Ct. at 1966 ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'") (quoting 5 Wright & Miller ¶ 1216, at 233-234); Limestone Dev. Corp. v. Vill. of Lemont, Ill., 520 F.3d 797, 802-03 (7th Cir. 2008) ("[Twombly] teaches us that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case.").

17.     Moreover, Plaintiffs are not entitled to use discovery to ascertain whether a claim exists.  See Conomos v. Chase Manhattan Corp., 1998 WL 118154, at *3 (S.D.N.Y. March 17, 1998) ("[T]he purpose of discovery is to find a well-pleaded claim, not to find out whether such a claim exists, and a defendant has a right…to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures") (quoting Jones v. Capital Cities/ABC, Inc., 168 F.R.D. 477, 480 (S.D.N.Y. 1996)).

18.     Because Plaintiffs fail to state a claim against Defendants, a stay of discovery pending a ruling on the Motions to Dismiss and such time as the Court determines that Plaintiffs have stated a viable claim (if ever) is appropriate.

**(2)     The Anticipated Expansive Nature of Plaintiffs' Discovery Requests Weighs In Favor of Staying Discovery Temporarily**

19.     The expansive and costly nature of Plaintiffs' anticipated discovery requests also starkly demonstrates the need for a stay of discovery.  Plaintiffs seek a putative class of consumers who "obtained a WMC home mortgage loan in the United States between January 1, 2001, and the date of judgment in this action."  Am. Compl. ¶ 99.  For example, during the period covered by Plaintiffs' putative class allegations, WMC originated tens of billions of dollars worth of loans, presented by over 15,000 independent mortgage brokers.  Plaintiffs apparently plan to seek all of Defendants' electronically stored information on their respective "loan, pricing, and underwriting data"(see Initial Joint Status Report (filed on August 8, 2008) at 10-11) – effectively hundreds of thousands of loan files.  In practical terms, Plaintiffs state that they "require" discovery of subject areas which likely will amount to millions of documents and electronic files.  See id.

20.     Furthermore, it appears that Plaintiffs plan to pursue comprehensive discovery on every aspect of Defendants' respective businesses, including, <u>inter alia</u>: "loan origination and servicing operations"; "any acquisitions or divestitures of any mortgage loan business operations or loan portfolios"; all of Defendants' respective "policies, practices, procedures and conduct regarding pricing, underwriting, compensation and oversight of loan officers, correspondent banks and mortgage brokers and fair lending oversight or compliance"; and all of Defendants' respective loan products and distribution and origination channels.  <u>Id.</u>  Indeed the subject matters that Plaintiffs describe in the Initial Joint Status Report could also involve numerous loans presented to and approved by Defendants, but for which the broker or borrower ultimately elected not to proceed with the transaction.

21.     While Defendants reserve all rights to object to Plaintiffs' requests, as appropriate, the self-described subject matters about which Plaintiffs' intend to seek discovery from the parties' Initial Joint Status Report highlight the expansive nature of discovery Plaintiffs plan to pursue and the concomitant need for a stay of discovery. Plaintiffs should not be entitled to demand such substantial, voluminous and expensive discovery while potentially dispositive motions are pending.  <u>See, e.g.</u>, <u>Twombly</u>, 127 S. Ct. at 1967.

**(3)     Discovery Also Should Be Stayed Temporarily Because Plaintiffs Have Failed To Join Necessary and Absent Parties**

22.     The joinder or non-joinder of absent but necessary mortgage-broker parties will significantly shape discovery.

23. Proceeding with discovery absent parties who will be later joined likely will require revisiting any protective order, discovery scheduling and planning, and electronic discovery cost-sharing and related agreements after such parties are joined.

**(4)  A Temporary Stay Will Not Be Prejudicial**

24. The requested stay of discovery will not prejudice Plaintiffs because Defendants seek only a temporary stay pending the Court's decision that Plaintiffs have stated a viable claim, if ever.  As such, any delay will be brief, finite, and not prejudicial to either Plaintiffs or this Court.

25. Indeed, the litigation history between the parties described above at paragraph 2 proves that lack of prejudice.  See also WMC's Motion to Dismiss at 5.  The first of the numerous actions commenced by certain of Plaintiffs' counsel was filed nearly a year ago on September 13, 2007.  In light of this, any brief delay caused by a temporary stay of discovery will not be prejudicial to either Plaintiffs or this Court.

**(5)  Defendants Have Complied with Local Rule 37.2**

26. On March 5, 2007, at approximately 12:30 pm CDT, counsel Denise Plunkett for WMC and John Mastando for GEMB had a conference call with counsel for Plaintiffs Gary Klein and Andrew Friedman and requested that Plaintiffs agree to a temporary stay of discovery.  After conferring among themselves, Plaintiffs' counsel notified Defendants' counsel that Plaintiffs do not consent to stay discovery temporarily at this time.

CONCLUSION

WHEREFORE, Defendants WMC and GEMB respectfully request this Court to stay discovery pending resolution of the pending Motions to Dismiss and such time as the

Court determines that Plaintiffs have stated a viable claim (if ever), and order such additional relief as the Court deems just and appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | WMC Mortgage LLC, |
|  | By its attorneys, |
| Dated: August 8, 2008 | s/ James L. Thompson<br>James L. Thompson - 6199621<br>Justin C. Steffen<br>JENNER & BLOCK, LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611<br>Telephone: (312) 222-9350<br>Facsimile: (312) 527-0484 |
|  | Denise L. Plunkett<br>DICKSTEIN SHAPIRO LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 277-6500<br>Facsimile: (212) 277-6501 |

GE Money Bank

By its attorneys,

s/ Eric N. Macey (with consent)
Eric N. Macey
Kristen Werries Collier
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

John P. Mastando III
Walter E. Zalenski
Marshall T. Bell (pro hac vice application pending)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

12