# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERBERT and DORIS STEELE, ERIC R. CHAVEZ, ALEXANDRA DIAZ and SONIA TORRES, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) Case No. 08-cv-01880 |
| Plaintiffs, | )<br>) Judge Blanche M. Manning |
| v. | )<br>) Magistrate Judge Martin C. Ashman |
| GE MONEY BANK, a federal savings bank; WMC MORTGAGE CORPORATION and WMC MORTGAGE, LLC, | )<br>)<br>)<br>) |
| Defendants. | ) |

**RESPONSE TO MOTION TO STAY**

Plaintiffs Herbert and Doris Steele, Eric Chavez, Alexandra Diaz and Sonia Torres submit their Response to Defendants' Motion to Stay Discovery and Disclosures Temporarily ("Motion to Stay").

Defendants' Motion to Stay – in which they re-urge the arguments raised in their motions to dismiss -- should be denied for several reasons. First, Defendants failed to request a stay when they filed their motions to dismiss, as required by this Court. *See* Case Management Procedures, Discovery Scheduling and Motions, § (a) 26(f) Conferences & Initial Status Report ("Case Management Procedures") ("If a party believes that discovery should be stayed pending resolution of a motion to dismiss, a motion to stay discovery must be filed with the motion to dismiss . . ."). Defendants' Motion to Stay, filed on the eve of the Status Conference, comes a month after their motions to dismiss with no justification or explanation.

Second, Defendants cannot show the "compelling reasons" required by the Court to stay discovery during a pending motion to dismiss. To the contrary, Defendants' motions to dismiss are not likely to prevail, and they cannot show that conducting discovery while the motions are pending will be prejudicial. Their Motion to Stay should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their Class Action Complaint on April 1, 2008 and amended it on April 3, 2008. Defendants responded to the Amended Class Action Complaint ("Amended Complaint") with motions to dismiss filed on July 11, 2008.[1] Defendants' motions to dismiss challenge the

---

[1] Defendant WMC filed a motion to dismiss which GE Money Bank joined. In this Response, Plaintiffs refer to Defendants WMC's and GE Money Bank's memoranda in support of their motions to dismiss collectively as "motions to dismiss." Citations to WMC's Memorandum in Support of Defendant WMC Mortgage Corporation to Dismiss for Failure to State a Claim, or in the Alternative to Join Necessary Parties and to Strike Certain Allegations in the Amended Complaint are "Motion to Dismiss at __."

1

sufficiency of the allegations in Plaintiffs' Amended Complaint.  Defendants contend that, to establish their claims under the FHA and ECOA, Plaintiffs must plead evidentiary facts on each element of a *prima facie* disparate impact claim.  *See* Motion to Dismiss at 16 ("To state a disparate impact claim, Plaintiffs must plead facts, inter alia: (1) showing the existence of a purported disparate impact on a protected group; (2) identifying a specific practice or policy adopted by the defendant; and (3) showing a causal connection between the challenged practice or policy and the alleged disparate impact.").[2]

Plaintiffs have not yet served any discovery requests on Defendants.  The parties have proposed that Plaintiffs' response to the motions to dismiss be filed on September 2, 2008 and Defendants' reply be filed on September 19, 2008.

## LEGAL STANDARD

Courts in this Circuit have stayed discovery pending the resolution of a motion to dismiss, but only where the motion is potentially dispositive, such as a challenge to jurisdiction, standing or the assertion of immunity.  *See Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848 (N.D. Ill. Nov. 1, 2007), at *1 (noting that, where discovery stays were granted, the motions to dismiss were based on threshold questions such as standing, jurisdiction or immunity).  But courts are far less willing to stay discovery where, as here, the motion to dismiss challenges the sufficiency of the complaint's allegations.  *See In re Currency Conversion Fee Antitrust Litg.*, No. MDL 1409, M21-95, 2002 WL 88278 (S.D.N.Y. Jan 22, 2002), at *1 (motion to dismiss aimed only at sufficiency of complaint's allegations "does not militate in favor of a stay"); *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange*, No. 99

---

[2]  Defendants claim they seek to dismiss the Amended Complaint under Rule 12(b)(7) for failure to join "necessary" parties.  Motion to Stay at 4.  However, Defendants' Motion to Dismiss simply seeks a ruling compelling Plaintiffs to join the allegedly necessary parties, or to dismiss the Amended Complaint if they refuse.  Motion to Dismiss at 31.

C 3223, 1999 WL 731773 (N.D. Ill. Aug. 31, 1999), at *1 (noting "the grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of a complaint").

Courts should not determine the merits of a motion to dismiss in deciding whether to stay discovery while the motion is pending. But courts should consider whether the motion is likely to succeed or, if successful, will end the litigation once and for all. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) ("While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.").

## ARGUMENT

### A.    DEFENDANTS' MOTION TO STAY IS UNTIMELY

At the outset, Defendants' Motion to Stay should be denied summarily because it is untimely. The Court's Case Management Procedures require that a motion to stay be filed with the motion to dismiss. Defendants did not request a stay until a month *after* they filed their motions to dismiss, and have offered no explanation for the delay. Instead, they waited until three days before the scheduled Status Conference to file their request, leaving Plaintiffs with little time to respond.

### B.    CASE LAW DOES NOT SUPPORT A BLANKET STAY OF DISCOVERY

Defendants cite case law for the general proposition that discovery stays have been imposed pending the resolution of motions to dismiss. But Defendants overlook that their motions are not the type of Rule 12(b)(6) challenge for which discovery stays are appropriate. Courts distinguish between motions to dismiss that address dispositive legal issues and those that simply challenge the sufficiency of the complaint's allegations, like Defendants' motions to dismiss. *See In re*

3

*Currency Conversion Fee Antitrust Litg.*, No. MDL 1409, M21-95, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002), at *1 ("For the most part, defendants' description of their promised motion shows that they do not intend to challenge the antitrust or TILA claims on pure questions of law, but simply on the sufficiency of the facts alleged to support the claims. *Thus, the type of motion defendants plan to interpose to the amended consolidated complaint does not militate in favor of a stay.*") (emphasis added); 6 Moore's *Federal Practice*, § 26-105[3][c] (Matthew Bender 3d ed.) (factors relevant in stay application include "whether it is a challenge as a matter of law or to the sufficiency of the allegations").³

      **C.**    **DEFENDANTS CANNOT SHOW "COMPELLING REASONS" FOR STAYING DISCOVERY**

          **1.**    **Defendants' Motions to Dismiss Are Likely to Fail**

Defendants cannot show the required "compelling reasons" required to impose a blanket stay of discovery. *See* Case Management Procedures ("Such motions are looked upon with disfavor and are only granted upon a showing of compelling reasons"). Defendants' challenge to the sufficiency of Plaintiffs' disparate impact allegations is not likely to succeed. *To date, no less than nine courts, in this district and elsewhere, have denied motions to dismiss challenging the factual sufficiency of FHA and ECOA disparate impact allegations in cases virtually identical to this one. See Miller v. Countrywide Bank, N.A.*, No. 07cv11275-NG (D. Mass. July

---

³ The cases cited by Defendants do not argue for a stay of discovery here. For instance, *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253 (N.D. Ill. June 6, 2007), cited by Defendants, involved a motion to dismiss based on qualified immunity. *Institut Pasteur v. Chiron*, 315 F. Supp.2d 33 (D.D.C. 2004) involved a motion to dismiss and compel arbitration. *Caltado v. City of Chicago*, No. 01 C 6665, 2002 WL 91093 (N.D. Ill. Jan. 24, 2002) involved a motion to dismiss the plaintiff's ADA claim on the basis he was not a qualified individual with a disability. The only case involving a Rule 12(b)(6) motion attacking the sufficiency of the pleadings, *In R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F. Supp. 1499 (N.D. Ill. 1990), is distinguishable. There, the court allowed the plaintiff to amend its dismissed complaint and continued a discovery stay because the plaintiff's pleading deficiencies were "the only tie to federal jurisdiction over this case"). *Id.* at 1504 n.1.

30, 2008); *Ware v. Indymac Bank, FSB*, 534 F. Supp.2d 835 (N.D. Ill. 2008); *Payares v. JP Morgan Chase & Co.*, CV 07-5540 ABC (SHx) (May 15, 2008); *Ramirez v. GreenPoint Mortgage Funding, Inc.*, No. C08-0369, 2008 WL 2051018, at*3-4 (N.D. Cal. May 13, 2008); *Zamudio v. HSBC North America Holdings, Inc.*, No. 07-C-4315, 2008 U.S. Dist. LEXIS 13952 (N.D. Ill. Feb. 20, 2008); *Garcia v. Countrywide*, No. EDCV 07-1161-VAP (JCRx) (C.D. Cal. Jan. 15, 2008) *Newman v. Apex Financial Group, Inc.*, No. 07 C 4475, 2008 U.S. Dist. LEXIS 2249 (N.D. Ill. Jan 11, 2008); *Martinez v. Freedom Mortgage Team, Inc.*, 527 F. Supp.2d 827 (N.D. Ill. 2007); *Jackson v. Novastar Mortg., Inc.*, No. 06-2249, 2007 U.S. Dist. LEXIS 93584 (W.D. Tenn. Dec. 20, 2007).

These decisions recognize that, contrary to Defendants' assertions, plaintiffs need not plead evidentiary facts to support each element of a disparate impact claim. The Seventh Circuit has repeatedly emphasized that "[a] complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)); *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) ("Federal complaints plead *claims* rather than facts.") *see also Wiltse v. Discover Financial Svcs., Inc.*, No. 07 CV 7073, 2008 WL 2839259, at *5 (N.D. Ill. July 22, 2008) ("defendant's position that a plaintiff must plead all facts that support a particular element of a discrimination claim directly contradicts the language in *Bell Atlantic* that a complaint 'does not need detailed factual allegations.'").

Under *Bell Atlantic* and Seventh Circuit precedent, Fed. R. Civ. P. 8 imposes only a minimal pleading standard where – as here – straightforward discrimination claims are alleged. *Tamayo*, 526 F.3d at 1084 ("we nevertheless reaffirmed the minimal pleading standard for simple claims of race or sex discrimination").

5

Defendants' Rule 12(b)(6) argument – that Plaintiffs have not alleged sufficient facts in their amended complaint -- has been roundly rejected by the Seventh Circuit. Just last year, Judge Easterbrook pointed out: "This court has issued at least 12 opinions during the last year alone reversing decisions that had dismissed complaints for failure to plead facts." *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 n.1 (7th Cir. 2007).

Nevertheless, Defendants' motions to dismiss ask the Court to ignore the established pleading standards outlined in *Tamayo* and the numerous district court cases rejecting the same heightened pleading argument they want this Court to accept. As such, their motions to dismiss have little chance of success.

### 2.  Commencing Discovery Now Will Not Prejudice Defendants

Because Defendants' motions to dismiss likely will fail, they cannot show that commencing discovery now will be wasteful. In fact, the opposite is true. The pending motions will be fully briefed by mid-September and likely will be decided before Defendants would be required to respond to any discovery. *See* Niederhoffer *Intermarket Fund, L.P.*, 1999 WL 732773, at *1 ("In less than a month, the matter will be fully briefed . . . We see no reason to shut down discovery for three weeks, only to start it back up again should defendant's motion fail").[4]

Nor does it make sense to impose a blanket discovery stay based on Defendants' unfounded fears about what Plaintiffs' initial discovery requests will entail. Defendants have not yet seen any discovery requests from Plaintiffs; they simply speculate that the requests will be of an "expansive and costly nature." Motion to Stay at 9. Defendants are free to object to

---

[4]  Any suggestion by Defendants that Plaintiffs want to conduct discovery in order to respond to their motions to dismiss is completely unsupported. *See* Motion to Stay at 9. As explained above, Plaintiffs' Amended Complaint is more than sufficient to withstand Defendants' Rule 12(b)(6) arguments.

Plaintiffs' discovery requests that they believe are unduly burdensome or wasteful. But their guess about what information Plaintiffs may ask them to produce is not grounds for a blanket stay.[5]

### 3. Commencing Discovery Will Expedite the Litigation Process

Imposing a stay of discovery will needlessly delay the litigation. *See Fairley v. Andrews*, 423 F. Supp.2d 800, 806 (N.D. Ill. 2006) (declining to stay discovery while motion to dismiss pending where stay "is unlikely to significantly expedite the litigation, and may actually slow it down"). Defendants' suggestion that the delay resulting from the requested stay will be inconsequential ignores that, through this litigation, Plaintiffs seek to end practices that have already damaged thousands of minority home buyers and continue to harm minorities today. Defendants do not suggest otherwise. The stay Defendants request will do nothing but delay the resolution of claims by minority class members who face the threat of losing their homes through default or foreclosure. Defendants' request for a blanket stay (followed by their request for a protracted additional period of time to answer the amended complaint once their motions to dismiss are denied) will only needlessly protract these class action proceedings.

---

[5] Defendants' arguments based on their Rule 12(b)(7) joinder motion are plainly meritless. As explained in Plaintiffs' response, there is no valid reason for including the four brokers with whom Plaintiffs dealt in this action. Even if the brokers are joined, there will be no significant disruption to discovery.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay should be denied.

Dated:  August 13, 2008                                         Respectfully submitted,


     /s Andrew S. Friedman
Andrew S. Friedman (admitted *pro hac vice*)
Wendy J. Harrison (admitted *pro hac vice*)
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:  (602) 274-1100

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
208 S. LaSalle Street, Suite #1650
Chicago, IL 60604
Telephone:  (312) 345-1004

Marvin A. Miller
Matthew E. VanTine
Lori A. Fanning
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  (312) 332-3400

Gary Klein
Shennan Kavanagh
Kevin Costello
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111
Telephone:  (617) 357-5500

Mark A. Chavez
Nance F. Becker
CHAVEZ & GERTLER, L.L.P.
42 Miller Avenue
Mill Valley, California 94941
Telephone:  (415) 381-5599

8

John J. Stoia, Jr.
Theodore J. Pintar
Leslie E. Hurst
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway
San Diego, CA 92101-3301

Attorneys for Plaintiffs

Case 1:08-cv-01880 Document 50 Filed 08/13/2008 Page 10 of 11

CERTIFICATE OF SERVICE

      I, Andrew S. Friedman, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on August 13, 2008.

      /s Andrew S. Friedman
      Andrew S. Friedman