

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HERBERT and DORIS STEELE, ERIC R.
CHAVEZ, ALEXANDRA DIAZ, and SONIA
TORRES, on behalf of themselves and all others
similarly situated,

              Plaintiffs,

     v.

GE MONEY BANK, a federal savings bank,
WMC MORTGAGE CORPORATION and
WMC MORTGAGE, LLC,

              Defendants.

No. 1:08-civ-1880

JUDGE MANNING

MAGISTRATE JUDGE ASHMAN

## REPORT AND RECOMMENDATION
## ON FINAL APPROVAL OF SETTLEMENT

      The United States District Court preliminarily certified a class for settlement purposes,

and issued a preliminary approval of settlement, in this matter on September 7, 2010 [D.I. 180].

On February 25, 2011 this matter was referred to this Court [D.I. 203]. On March 9, 2011, the

parties appeared before this Court for a status hearing [D.I. 207]. On April 15, 2011, the parties

again appeared before this Court for a final fairness hearing on Plaintiffs' Motion For Final

Approval of Class Action Settlement and for Approval of Payment of Attorneys' Fees, Costs and

Service Payments to Class Representatives and Response to Objections. [D.I. 212]. No objector

appeared at either of these hearings.

      This Court has reviewed the following: (1) the Third Amended Class Action Complaint

[D.I. 197]; (2) the submissions of the parties requesting final approval of the settlement,

1

including a copy of the Agreement[1] [D.I. 171-1, 189, 190, 191, and 198]; (3) the Plaintiffs'

request for attorneys' fees and costs and named plaintiffs' service fees [D.I. 199]; (4) the *pro se*

objection of Daniel and Gloria Chavez [D.I. 184-2]; (5) the *pro se* objection of Antonio Mendez

[D.I. 184-3]; (6) the objection of Stephen J. West [D.I. 182] and the stipulation requesting its

withdrawal [D.I. 202]; (7) the Affidavit of Michelle M. La Count, Esq. concerning settlement

administration [D.I. 190]; and (8) the Preliminary Approval Order of the United States District

Court for the Northern District of Illinois [D.I. 180].

Having reviewed these materials and heard from the parties, this Court recommends that

(1) the stipulation [D.I. 202] be endorsed and that the objection of Stephen J. West [D.I. 182] be

thereby withdrawn; (2) the remaining objections be overruled; (3) the motion for Final Approval

of Class Action Settlement and Approval of Payment of Attorneys' Fees, Costs and Service

Payments to Class Representatives [D.I. 185] be granted; (4) the late claims identified by

Plaintiffs in Exhibit C attached hereto should be allowed; (5) the Final Approval Order in the

form jointly proposed by the parties and attached hereto as Exhibit A be entered; and (6) this

matter be dismissed in its entirety with prejudice by entry of the Final Judgment and Order of

Dismissal attached hereto as Exhibit B.

## I.    BACKGROUND

This case involves allegations of disparate impact racial discrimination in the pricing of

residential mortgage loans obtained by Herbert and Doris Steele, Eric R. Chavez and Sonia

Torres, on behalf of themselves and all others similarly situated ("Plaintiffs") against WMC

---

[1] "Agreement" means the Stipulation and Agreement of Settlement (including its exhibits) [D.I. 171-1].

2

Mortgage, LLC, the successor in interest to WMC Mortgage Corporation ("Defendant").[2] On February 17, 2009, the District Court granted in part and denied in part a motion to dismiss, a motion to strike portions of the complaint and a motion requiring Plaintiffs to join certain third parties to the Complaint pursuant to Fed. R. Civ. P. 19 [D.I. 87]. Motion practice related to that Order followed before the parties entered into arms-length settlement negotiations. [D.I. 189, at ¶ 26].

According to the Joint Declaration of Plaintiffs' Counsel, these negotiations took place over the course of several months and were based on Plaintiffs' Counsel's evaluation of data regarding WMC's lending terms for its minority customers compared with those for its white borrowers. [D.I. 189, at ¶¶ 14-15]. The parties ultimately participated in mediation with David Geronemus of JAMS, during which the parties were able to resolve some of the major terms of the Settlement, including the amount of the Settlement Fund. [D.I. 189, at ¶ 16]. Following the mediation with Mr. Geronemus, the parties executed the Agreement. [D.I. 171-1].

The Agreement provides, *inter alia*, for a "Settlement Fund" of $3,800,000, which includes payments to certain non-profit organizations for foreclosure prevention counseling services.[3] The Agreement also states that settlement class counsel will seek no more than $1,200,000 in attorneys' fees and costs (approximately 32% of the Settlement Fund) and a total of $15,000 in class representatives' service fees to be paid from the Settlement Fund. The Defendant denied any wrongdoing and obtained a release of claims. [D.I. 171-1]

Following Preliminary Approval, notice was sent by first-class mail to 136,755 class

---

[2] GE Money Bank is no longer a defendant in this action. On June 5, 2009, plaintiff Alexandra Diaz filed a Notice of Voluntary Dismissal as to her claims against GE Money Bank, the only claims that had been asserted in this case against GE Money Bank. [D.I. 87, 115, 197]

[3] These programs are to be administered by three non-profit organizations: the National Council of La Raza, the National Urban League and Neighborhood Housing Services of Chicago.

members, providing a deadline for submitting claims and describing opportunities to object or

opt out of the settlement. [D.I. 190 at ¶ 10 and Ex. A]. In response, 27 individuals requested

exclusion and 3 objections to the proposed settlement were received. [D.I. 190 at ¶¶ 16, 19; and

D.I. 184 at ¶¶ 4, 6, 8]. The settlement administrator received 9,382 timely claims and 591 claims

were received after the deadline (listed in Exhibit C, attached hereto), although a small number

of these may ultimately be deemed deficient. [D.I. 190 at ¶¶ 19-23]. Based on Plaintiffs'

estimate, they expect each claimant to receive approximately $234. In addition, if approved, the

Settlement Fund will provide $50,000 each to Neighborhood Housing Services of Chicago, Inc.

("NHSC"), the National Council of La Raza ("NCLR") and the National Urban League ("NUL")

for foreclosure prevention counseling services.

## II. STANDARD

Under Federal Rule of Civil Procedure 23(e), a class action settlement agreement requires

the court's approval. A court can approve a class action settlement only if it is fair, adequate and

reasonable. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th

Cir. 1997). In determining whether to approve the proposed settlement the court should consider

the following factors: (1) the strength of the case for plaintiffs on the merits, balanced against the

amount offered in settlement; (2) the defendant's ability to pay; (3) the complexity, length and

expense of trial; (4) the amount of opposition to the settlement; (5) the presence of collusion in

reaching a settlement; and (6) the stage of the proceedings and the amount of discovery

completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee,* 616 F.2d 305, 315 (7th Cir.

1980) *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *see also

Isby v. Bayh,* 75 F.3d 1191, 1199 (7th Cir. 1996); *Hispanics United of DuPage County v. Village

of Addison,* 988 F. Supp. 1130, 1150 (N.D. Ill. 1997); *Goldsmith v. Tech. Solutions Co.,* No. 92

4

C 4374, 1995 WL 17009594, at *3 (N.D. Ill. October 10, 1995).

In addition, "lawyers in class-fund cases must petition the court for their compensation." *In re Synthroid Marketing Litigation*, 264 F.3d 712, 717 (7th Cir. 2001). "[W]hen deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *Id.* at 718. Courts may also consider the percentage range deemed appropriate in other class actions, the quality of legal services rendered and the contingent nature of the case. *Taubenfeld v. AON Corp.*, 415 F.3d 597, 600 (7th Cir 2005).

### III.    DISCUSSION

#### A.    Settlement Class

The District Court preliminarily certified the proposed "Settlement Class," defined as:

> All Black/African-American or Hispanic borrowers (including, without limitation, individual borrowers, joint-borrowers, and co-borrowers) who, between January 1, 2004 and December 31, 2007, obtained a mortgage loan that was made or purchased by WMC Mortgage, LLC or WMC Mortgage Corp.

[D.I. 180 at ¶ 5]. This Court now finds that this Settlement Class should be finally certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), solely for purposes of effectuating the settlement.

The Court finds and concludes, solely for purposes of the settlement, that the action may be maintained as a class action on behalf of the Settlement Class because: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the members of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the members of the

5

Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court hereby finds that, by not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to negotiate, execute and implement the Agreement, Defendant is not in any way waiving any rights or defenses other than as expressly set forth in the Agreement.

Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the notice and the Preliminary Approval Order. [D.I. 180 at ¶ 15]. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the notice and Preliminary Approval Order (identified in Ex. A hereto at Ex. 1) (the "Opt-Outs"). The persons appearing on the list annexed to the proposed Final Approval Order (Ex. A hereto) as Exhibit 1 are the Opt-Outs, who shall have no right to receive any payments or other benefits from the Settlement, including without limitation, the Settlement Fund.

### B. Notice to Class Members

This Court finds that notice to the members of the Settlement Class was provided in accordance with the terms of the Preliminary Approval Order. [D.I. 180 at ¶ 12 and D.I. 190 at ¶¶ 5-11]. This Court further finds, as the District Court preliminarily found [D.I. 180 at ¶ 12], that the notice provided to members of the Settlement Class was the best notice that is practicable under the circumstances and fully satisfied the requirements of the Federal Rules of Civil Procedure, Due Process, and any other applicable laws or rules.

### C. Settlement

Viewed in light of the factors set forth by the Seventh Circuit in *Armstrong*, this Court

finds that the settlement is fair, reasonable and adequate to the Settlement Class Members.

The first *Armstrong* factor involves the strength of the case for plaintiffs on the merits relative to the settlement outcome. In this regard, Plaintiffs approached the bargaining table aware that while certain claims had survived a motion to dismiss, the District Court had ordered that Plaintiffs join third-party brokers as necessary parties. At the time of settlement negotiations, the parties were engaged in motion practice relating to Plaintiffs' request that the Court reconsider its ruling relating to third-party brokers, but no decision on that request had been issued. If the District Court's ruling requiring joinder of the third-party brokers was not reconsidered by the District Court, it could have impacted the possibility of Plaintiffs obtaining class certification and, potentially limited the size of any class that could have been certified. Moreover, the chance of further delay, future changes to the legal landscape and the difficulties of disparate impact litigation meant that Plaintiffs faced substantial risks going forward. The Settlement Fund represents a reasonable and fair outcome for Settlement Class Members.

With regard to the second *Armstrong* factor, concerning Defendant's ability to pay, it is important to consider that Defendant is no longer engaged in the business of making new wholesale, retail or correspondent loans and that it has no present plan to reenter the lending business. The Agreement must be viewed in this context.

The third *Armstrong* factor takes account of the complexity, length and expense of trial. In this case, *inter alia*, a protracted and difficult battle of expert statistical evidence loomed. The class period had already closed approximately four years ago with the end of WMC's origination of wholesale, retail or correspondent loans. Settlement therefore avoided further delay in the resolution of these claims – a delay that was likely to be significant.

The fourth *Armstrong* factor considers the amount of opposition to the settlement. Of the

7

approximately 137,000 notices mailed to class members, only 27 opt-out requests and 3

objections were returned. [D.I. 190 at ¶¶ 10, 16; D.I. 184 at ¶¶ 4, 6, 8]. The three objections

were submitted by Daniel and Gloria Chavez, Antonio Mendez, and Stephen J. West. The

Chavez and Mendez objections do not address the claims at issue in the case. [D.I. 184 at Exs. 2

and 3]. Both objections complain of the original terms of their loans as being unduly onerous,

whereas the gravamen of Plaintiffs' claims is not a challenge to the terms *per se*, but rather only

the difference between the terms charged to minority customers and those charged to similarly

situated white borrowers.[4] [D.I. 184 at ¶¶ 5, 7 and Exs. 2 and 3]. The Court finds that the

Chavez and Mendez objections should be overruled.

The West objection was based primarily on the scope of the release contained in Section

5 of the Agreement. After responding to Mr. West's objection [Docket Nos. 191, 198], the

parties filed a stipulation, executed by Plaintiffs, Defendant and counsel for Mr. West, regarding

the scope of the release in Section 5 of the Agreement and requesting that Mr. West's objection

be withdrawn [D.I. 202]. The Court finds that the stipulation regarding Mr. West's objection

[D.I. 202] should be endorsed and that the objection of Stephen J. West [D.I. 182] should be

thereby withdrawn. The court finds that the release provisions set forth in the Agreement are

appropriate.

The fifth *Armstrong* factor seeks verification that the settlement was not marred by

collusion between the parties. Based on the Court's review of the record, the Court finds that the

settlement was the product of extended and in-depth arm's-length negotiations between the

parties. Moreover, the settlement was reached only after a formal mediation with an experienced

and well-respected mediator. [D.I. 198]. The involvement of an experienced mediator is a

_____

[4] In addition, the Chavez objection seeks a loan modification from Bank of America, the objectors' current loan servicer. Bank of America is not a party to this case.

8

further protection for the class, preventing potential collusion. *Williams v. Rohm & Haas Pension Plan*, No. 4:04-CV-0078, 2010 WL 1490350, at *4 (S.D. Ind., 2010). The Court finds that the settlement was not a product of collusion.

The sixth and last *Armstrong* factor accounts for the stage of the proceedings and the amount of discovery completed. While the proceedings in the District Court had yet to enter formal discovery, the record reveals that Defendant provided Plaintiffs with statistical and other information during the settlement negotiations specifically related to the alleged disparities that lie at the heart of Plaintiffs' allegations. [D.I. 189, ¶ 15]. Understanding that the Plaintiffs' expert reviewed this information [D.I. 189, ¶ 15], the Court finds that the sixth *Armstrong* factor favors approval of the settlement.

### D. Class Action Fairness Act

The District Court preliminarily found that Defendant complied with any applicable requirements of the Class Action Fairness Act. [D.I. 180 at ¶ 8]. The notification provisions of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005) ("CAFA"), codified at 28 U.S.C. § 1715, require that "not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement," which notice must include certain information. *See* 28 U.S.C. § 1715(b). On August 31, 2010 Defendant served a Notification Of Proposed Class Action Settlement, together with an enclosed CD (collectively, the "Notice"), by Federal Express, on the Attorney General of the United States; the Attorneys General of each State of the United States; the Attorneys General of the District of Columbia, the Commonwealth of Puerto Rico, American Samoa, Guam, the Northern Mariana Islands, and the

9

Virgin Islands; and the Office of Thrift Supervision. [D.I. 174-1, ¶ 2]. The Notice included all of the information required by 28 U.S.C. § 1715(b)(1) – (8). [D.I. 174-1, ¶ 3].

The Court now makes a final finding that Defendant has complied with any applicable requirements of the Class Action Fairness Act.

### E. Attorneys' Fees and Costs and Class Representatives' Service Awards

The Court further finds that Plaintiffs' request for attorneys' fees and costs and class representatives' service awards to be fair and reasonable. The requested total amount of attorneys' fees and costs is equal to approximately 32% of the total settlement fund. [D.I. 199]. No objections were made as to this amount. [D.I. 199].

The Seventh Circuit favors the use of the percentage of the fund method for calculating attorneys' fees in a common fund case. *Goldsmith*, *supra*, 1995 WL 17009594, at *7 ("[T]he Seventh Circuit strongly endorsed the percentage method of computing appropriate fee awards in class action common fund cases . . . .") *citing In re Cont'l Ill. Sec. Litig.*, 985 F.2d 867, 868 (7th Cir. 1993). *See also Cooper v. IBM Pers. Pension Plan*, No. 99-829-GPM, 2005 WL 1981501, at *3 (S.D. Ill. Aug. 16, 2005), *rev'd on other grounds* 457 F.3d 636 (7th Cir. 2006) ("'[T]he approach favored in the Seventh Circuit is to compute attorney's fees as a percentage of the benefit conferred on the class,' particularly where that percentage of the benefit approach replicates the market.").

The percentage method is consistent with, and is intended to mirror, the private marketplace for negotiated contingent fee arrangements. *See Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986) ("When the 'prevailing' method of compensating lawyers for 'similar services' is the contingent fee, then the contingent fee *is* the 'market rate.'" (emphasis in original)). In the marketplace, the "contingent fee uses private incentives rather than careful

10

monitoring to align the interests of lawyer and client. The lawyer gains only to the extent his client gains." *Kirchoff*, 786 F.2d at 325; *see also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998).

Courts have approved the range of 33 1/3% to 40% of the recovery. *See Kirchoff,* 786 F.2d at 323 (observing that "40% is the customary fee in tort litigation" and noting, with approval, contract providing for one-third contingent fee if litigation settled prior to trial); *Retsky Family Ltd. P'ship v. Price Waterhouse, LLP*, No. 97 C 7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) (recognizing that a customary contingent fee is "between 33 1/3% and 40%" and awarding class counsel the requested one-third of the common fund); *Phemister v. Harcourt Brace Jovanovich, Inc.*, No. 77 C 39, 1984 WL 21981, at *15 (N.D. Ill. Sept. 14, 1984) ("Contingent fee arrangements in non-class action damage lawsuits use the simple method of paying the attorney a percentage of what is recovered for the client. The more the recovery, the more the fee. The percentages agreed upon vary, with one-third being particularly common.").

Courts within this District have also recognized that a fee award of 33 1/3% is in fact "in line with that which has, in previous cases, been approved," and "[t]hirty three percent appears to be in line with what attorneys are able to command on the open market in arm's length negotiations with their clients." *Goldsmith*, 1995 WL 17009594, at *8. Notably, in *In re Abbot Laboratories Sec. Litig.*, No. 92-C-3869 MEA, 1995 WL 792083, at *1, *11 (N.D. Ill. July 3, 1995), the Court recognized the appropriateness of a fee of nearly 1/3 of the common fund in complex litigation and the historic approval of such fees in the 7th Circuit. *See also In re Lithotripsy Antitrust Litig.*, No. 98 C 8394, 2000 WL 765086, at *2 (N.D. Ill. June 12, 2000) ("33.3% of the fund plus expenses is well within the generally accepted range of the attorneys' fee awards in class-action anti-trust lawsuits."); *Rehm v. Eagle Fin. Corp.*, No. 96-2455, 1998

11

U.S. Dist. LEXIS 20015 (N.D. Ill. Dec. 22, 1998) *approving* Dec. 8, 1998 Report and

Recommendation ("the 7th Circuit Court of Appeals, as well as the majority of other circuit

courts have approved the use of the percentage of the fund method to award attorneys' fees in

class action/common fund cases"); *see also Taubenfeld*, 415 F.3d at 598, 600 (affirming fee

award of 33.3 %).

Further, as a means of "cross-checking" the attorneys' fees and costs, the record reveals

that, as of January 20, 2011, Plaintiffs' counsel expended over $953,000 in fees and costs. [D.I.

189 at ¶ 37]. This amount does not include subsequent work done in finalizing the settlement.

Given the benefit to the class, the risk undertaken by class counsel in the contingent nature of

their fee agreement [D.I. 189 at ¶ 35], as well as the quality of representation provided, this

Court finds the requested amount of attorneys' fees and costs to be reasonable and fair.

Last, the Court approves of the class representatives' service awards of $5,000 each, for a

total of $15,000. Given the class representatives' assistance with the litigation in providing

documentation, making themselves available to counsel, reviewing pleadings and stepping

forward as representative litigants, the Court finds these awards to be fair and reasonable.

**IV.    CONCLUSION**

For the above reasons, this Court recommends that (1) the stipulation [D.I. 202] be

endorsed and that the objection of Stephen J. West [D.I. 182] be thereby withdrawn; (2) the

remaining objections be overruled; (3) the motion for Final Approval of Class Action Settlement

and Approval of Payment of Attorneys' Fees, Costs and Service Payments to Class

Representatives [D.I. 185] be granted; (4) the late claims identified by Plaintiffs in Exhibit C

attached hereto should be allowed; (5) the Final Approval Order in the form jointly proposed by

the parties and attached hereto as Exhibit A be entered; and (6) this matter be dismissed in its

entirety with prejudice by entry of the Final Judgment and Order of Dismissal attached hereto as

Exhibit B.

DATED: __MAY 1 7 2011__          By: _____

                                   Honorable Martin C. Ashman
                                   United States Magistrate Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| HERBERT and DORIS STEELE, ERIC R. CHAVEZ, ALEXANDRA DIAZ, and SONIA TORRES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GE MONEY BANK, a federal savings bank, WMC MORTGAGE CORPORATION and WMC MORTGAGE, LLC,<br><br>    Defendants. | No.  1:08-civ-1880<br><br>JUDGE MANNING<br><br>MAGISTRATE JUDGE ASHMAN |

### [PROPOSED] FINAL APPROVAL ORDER

WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order finally approving the settlement of the above-captioned action (the "Action") in accordance with the Stipulation and Agreement of Settlement between WMC Mortgage, LLC ("WMC"), the successor in interest to WMC Mortgage Corp.; plaintiffs Herbert and Doris Steele, Eric R. Chavez, and Sonia Torres ("Class Representatives" or "Plaintiffs"), on behalf of themselves and as putative representatives of the Settlement Class; and, upon class certification for settlement purposes only, each Settlement Class Member (including its exhibits, the "Agreement");

WHEREAS, the Agreement sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice;

WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of themselves individually, and, (upon class certification for settlement purposes only) on behalf of each of the Settlement Class Members, have agreed to release all claims arising under federal, state, local or

other law, statute, regulation, or principle of common law or equity as specified in Section 5 of the Agreement;

WHEREAS, by Order dated September 7, 2010, (the "Preliminary Approval Order") the District Court preliminarily approved the Agreement and preliminarily certified the Settlement Class for settlement purposes only; and

WHEREAS, this Court has read and considered Plaintiffs' Motion, the Agreement, and all arguments and submissions related to the Motion;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all defined terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has subject matter jurisdiction over this Action and, for purposes of this settlement only, has personal jurisdiction over all the Parties, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, this Court hereby approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

4. This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All Black/African-American or Hispanic borrowers (including, without limitation, individual borrowers, joint-borrowers, and co-borrowers) who, between January 1, 2004 and December 31, 2007, obtained a mortgage loan that was made or purchased by WMC Mortgage, LLC or WMC Mortgage Corp.

The Court hereby finds and orders that, by not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to negotiate, execute and implement the Agreement, WMC is not in any way waiving any rights or defenses other than as expressly set forth in the Agreement.

5.     The Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs"). The persons appearing on the list annexed hereto as Exhibit 1 are the Opt-Outs, and shall have no right to receive any payments or other benefits from the Settlement, including without limitation, the Settlement Fund. Any member of the Settlement Class whose name does not appear on the list annexed hereto as Exhibit 1 failed timely and properly to file a valid request for exclusion from the Settlement Class as permitted by the Court, and is hereby barred and permanently enjoined from asserting otherwise, and is subject to the terms and conditions of the Agreement, including, without limitation, the release.

6.     This Court finds and concludes, solely for purposes of the settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of those members of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the

members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      This Court finds that any applicable requirements of the Class Action Fairness Act have been met.

8.      This Court finds that the notice provided to members of the Settlement Class was the best notice that is practicable under the circumstances and fully satisfied the requirements of the Federal Rules of Civil Procedure, Due Process, and any other applicable laws or rules.

9.      This Court has considered and hereby overrules all objections to the settlement on their merits.

10.      As of the Effective Date, Plaintiffs and each Settlement Class Member, and each of their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, joint-borrowers, guarantors, predecessors-in-interest, successors, assigns and all persons acting or purportedly acting for or on their behalf (including, without limitation, any governmental entity acting as *parens patriae*), fully, finally and completely release and forever discharge, and shall be deemed to have fully, finally, and completely released and forever discharged, the Released Parties, and each of them, from any and all actual or potential claim, right, demand, charge, complaint, action, cause of action, suit, counterclaim, cross-claim, third-party claim, contention, allegation, obligation, and/or assertion of wrongdoing or liability of any and every kind whatsoever (including, without limitation, those based on contract, the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA"), and/or the Fair Housing Act, 42 U.S.C. §3601 et seq. ("FHA"), or any other federal, state, local or other law, statute, regulation, or principle of common law or equity, and including, without limitation,

4

all requests or efforts by any means to seek: damages; punitive damages; disgorgement; restitution; rescission; unjust enrichment; recoupment; set-off; attorneys' fees; costs; expenses; loan and/or security interest modification, invalidity, or avoidance; monetary, equitable, declaratory, or injunctive relief; or any other form of relief or protection), whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class Representatives or any Settlement Class Member ever had, now has, or may have in the future, resulting from, arising out of, or in any way, directly or indirectly, connected with (a) any of the claims or allegations raised in the Action (including, without limitation, in the Third Amended Complaint), or (b) any claims which could have been raised in the Action based on the same transactional nucleus of facts (including, without limitation, in the Third Amended Complaint).

11.     As of the Effective Date, Plaintiffs and each of the Settlement Class Members are deemed to have waived Section 1542 of the California Civil Code (and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any other jurisdiction, and any principle of common law or equity), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts other than, in addition to, or different from, those facts which they now know or believe to be

true with respect to the subject matter of the Action or the settlement, and that they fully, finally and forever release and discharge all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such other, additional or different facts.

12.     As of the Effective Date, each of the Settlement Class Members represents and warrants for himself or herself that he or she has not assigned, sold or otherwise transferred any claim that he or she previously has that otherwise would fall within the scope of the Released Claims.

13.     Plaintiffs and each Settlement Class Member, are permanently barred and enjoined from prosecuting any legal proceeding against any Released Party with respect to the Released Claims or actions taken by a Released Party that are authorized or required by the Agreement, the Preliminary Approval Order, the Final Approval Order, or the Judgment.  This injunction is necessary to protect and effectuate the settlement, this Final Approval Order, and this Court's flexibility and authority to effectuate this settlement and the Final Judgment and Order of Dismissal, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

14.     Nothing in the Agreement, the Preliminary Approval Order, the Final Approval Order or the Judgment, detracts from the validity or enforceability of any Settlement Class Member's obligations on any loan(s), nor does anything in the Agreement, the Preliminary Approval Order, the Final Approval Order or the Judgment detract from the validity or enforceability of any promissory note(s), deed(s) of trust, mortgage(s) and/or security interest(s). Each Settlement Class Member waives and is deemed to have waived any contention that any

claim(s) by any of the Released Parties against a Settlement Class Member should have been asserted as a compulsory counterclaim in this Action.

15. This Court approves an award to be paid from the Settlement Fund to Settlement Class Counsel of $1,200,000 in attorneys' fees and costs (plus interest actually accrued on such amount from the date of the Settlement Fund's creation, less a proportionate share of any fees charged by the escrow holder for maintenance of the Settlement Fund), and service awards of $5,000 for each of Class Representatives: (i) Herbert and Doris Steele (collectively); (ii) Eric R. Chavez; and (iii) Sonia Torres (plus interest actually accrued on such amount from the date of the Settlement Fund's creation, less a proportionate share of any fees charged by the escrow holder for maintenance of the Settlement Fund). The service awards shall be in addition to any claims Plaintiffs may have as Authorized Claimants. This Court, having presided over the above-captioned action and having considered the materials submitted by Settlement Class Counsel in support of final approval of the settlement as well as their request for attorneys' fees and costs, finds the award appropriate based on the following factors:

(a)     The settlement provides substantial benefits for the Settlement Class.

(b)     The award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

(c)     The awarded fee is consistent with the total lodestar fees of Settlement Class Counsel, based on declarations submitted to the Court.

(d)     This litigation raised numerous questions of law and fact, Plaintiffs' Counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims, or obtain class certification.

7

(e)     The Settlement was negotiated at arms' length and without collusion, with the assistance of a highly qualified mediator.

(f)     By receiving payment from a common fund, Settlement Class Counsel's interests were fully aligned, during the settlement negotiation process, with those of members of the Settlement Class, such that Settlement Class Counsel had appropriate incentives to maximize the size of the common fund.

16.     WMC and the other Released Parties shall have no liability or responsibility whatsoever with respect to the maintenance, administration, preservation, investment, use, allocation, adjustment, administration, distribution, and/or disbursement of any amount in the Settlement Fund or otherwise paid pursuant to the Agreement or with respect to any claim by any member of the Settlement Class concerning the handling or resolution of his, her or its claim(s) with respect to the Settlement Fund.  In addition, WMC and the other Released Parties shall have no liability or responsibility whatsoever with respect to the Notice.

17.     This Final Approval Order, the Judgment, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to, in furtherance thereof, or in seeking entry of this Final Approval Order, the Judgment or the Preliminary Approval Order:

(a)     Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any of the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the validity of any defense that has been or could have been

asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

(b)     Will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing whatsoever, by WMC or any of the other Released Parties, or of the truth of any of the claims or allegations in this Action. Evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and/or the Final Judgment and Order of Dismissal;

(c)     Will not be construed against WMC as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

18.     The Released Parties may file the Agreement, this Final Approval Order and/or the Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     The Court hereby finds and orders that, by not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to negotiate, execute and implement the Agreement, WMC is not in any way waiving any rights or defenses other than as expressly set forth in the Agreement. In addition, neither certification of the Settlement Class for settlement purposes only, nor any court order or other act relating to the

negotiation, execution, or implementation of the Agreement, shall be considered as a factor in connection with any class certification motion(s) if the Agreement terminates or Final Settlement Approval does not occur.

20.     In the event that any of the provisions of this Final Approval Order is asserted by any Released Party as a defense in whole or in part to any Released Claim, or otherwise asserted (including, without limitation, as a basis for a stay), in any other suit, action, arbitration or other proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action, arbitration or other proceeding shall be immediately stayed and enjoined until this Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible.  Solely for purposes of such suit, action, arbitration, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.  This paragraph 20 is necessary to protect and effectuate the Agreement, this Order, and this Court's flexibility and authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

21.     The Court further finds that if Final Settlement Approval does not occur or if the Agreement terminates prior to Final Settlement Approval, the Parties shall return to the *status quo ante*, in the Action, without prejudice to the right of any Party to assert any right or position that it could have asserted if the Agreement had never been reached, proposed, preliminarily approved or finally approved by the Court.  In such an event, nothing in (1) the Agreement (as

well as the negotiation, execution or implementation of the Agreement), (2) the Preliminary

Approval Order, the Final Approval Order, or the Judgment, or (3) filed in connection with

seeking entry of the Preliminary Approval Order, Final Approval Order, or the Judgment, shall

be construed as an admission or concession by WMC of any of the allegations raised in the

Action or any other action, of any fault, wrongdoing or liability of any kind, or of the propriety

of certification of a litigation class, nor is WMC estopped from (i) challenging those allegations

in further proceedings in the Action or in any other action, or (ii) opposing any subsequent class

certification motion(s). Moreover, in such event, the Parties shall be deemed to have preserved

all of their rights or defenses, and shall not be deemed to have waived any substantive or

procedural rights of any kind that they may have as to each other or any member of the proposed

Settlement Class, including, without limitation, the right to move to compel arbitration as to any

claims that might be asserted by any of the Plaintiffs or by any member of the proposed

Settlement Class and the right to oppose any class certification motion(s) on any ground. In

addition, in such event, the filing of the Third Amended Complaint and the certification of the

Settlement Class shall be vacated, and the operative complaint in the Action shall be the Second

Amended Class Action Complaint filed on March 20, 2009, and the certification of the

Settlement Class for settlement purposes shall not be considered as a factor in connection with

any subsequent class certification motion(s).

22.     Without affecting the finality of this Final Approval Order in any way, this Court

retains continuing jurisdiction to implement the Final Approval Order and or the Final Judgment

and Order of Dismissal. Settlement Class Counsel are to continue in their role to oversee all

aspects of the Agreement and settlement. Upon notice to Settlement Class Counsel, WMC may

seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be

necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the this Final Approval Order or the Final Judgment and Order of Dismissal.

**IT IS SO ORDERED.**

DATED:_____     By: _____
                                         Honorable Blanche M. Manning
                                         United States District Judge

**Exhibit 1**

**Steele et al. v. GE Money Bank et al. Exclusion Requests**

Name

1.) Ruthell Dorham
2.) Kim Peacock
3.) Olaykinka Akinmarin & Ben Adegbembo
4.) Marco Villalobos
5.) Angela Ybarra
6.) Elbert Hill Jr & Veronica Hill
7.) Rick & Christine Holguin
8.) Jose M. Galindo
9.) Nyrevere Williams
10.) Tonisha Hampton *
11.) Edward Richardson
12.) Lem Burnham
13.) Deborah Theodule and Ralph Theodule
14.) Tina Brown *
15.) Norbert Mudaheranwa *
16.) Claudia Ratcliffe
17.) Mutombo Kankonde *
18.) Elaine Banks *
19.) Deborah Beale & Roosevelt Beale
20.) Karen Davis
21.) Victor Negrete & Ana Velasco de Negrete
22.) Vernice Aguilar
23.) Alex Salas & Pamela Jones
24.) Lillian Onasanya
25.) Maria Barrios
26.) Greg Gholston & Brenda Gholston
27.) Tracey Baker-Simmons & Karriem Simmons

* Exclusion requestors listed above with an asterisk (*) after their names failed to provide the associated loan number(s) in their requests; however, A.B. Data was able to match these requests to records within the Class List.

**Exhibit B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HERBERT and DORIS STEELE, ERIC R.
CHAVEZ, ALEXANDRA DIAZ, and SONIA
TORRES, on behalf of themselves and all others
similarly situated,

               Plaintiffs,

    v.

GE MONEY BANK, a federal savings bank,
WMC MORTGAGE CORPORATION and
WMC MORTGAGE, LLC,

               Defendants.

No. 1:08-civ-1880

JUDGE MANNING

MAGISTRATE JUDGE ASHMAN

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

As set forth more fully in the Final Approval Order issued by the Court in the above-
captioned case, the Court approves the Agreement and hereby dismisses the above-captioned
action in its entirety with prejudice (subject to retention of jurisdiction to enforce this Final
Judgment and Order of Dismissal and the Final Approval Order).

**IT IS SO ORDERED.**

DATED:_____    By:   _____
                                        Honorable Blanche M. Manning
                                        United States District Judge

**Exhibit C**

Exhibit C to Report and Recommendation in *Steele v GE Money Bank et al*, No. 08-cv-1880 (N.D. Ill.)

Page 1 of 9

| # | Name | # | Name |
|---|------|---|------|
| 1 | PONDERIA DAVIS | 39 | BRENDA KAYE CLARK |
| 2 | ROCIO DARNELL JUAN ALARCON | 40 | CARLOS CORONADO |
| 3 | SAGNITHE ALTAMIRANO | 41 | LIZ ELENA CORTEZ |
| 4 | ANA BYRD | 42 | MARGARET CRAWFORD WILLIAM LUMPKINS |
| 5 | CHRISTOPHER CARTIER CELESTE CARTIER | 43 | WILLIAM CROSS |
| 6 | MARIA DIAZ | 44 | BRYAN CRUZ AYMEE CRUZ |
| 7 | GABRIEL GASTELUM | 45 | JOSE CUEVAS |
| 8 | AISHA HARRIS LEWIS ANDREA BROWNLEE | 46 | SUSAN DAVIS EARL DAVIS |
| 9 | RAFAEL HERNANDEZ MARIA I. SERRANO | 47 | SHERRY DELABARCENA |
| 10 | YOLANDA SERRANO | 48 | SALVADOR DELGADO |
| 11 | DAVID ABALOS | 49 | JOSE MARIO DIAZ FLOR CASTRO DIAZ |
| 12 | CYNTHIA ALEXANDER RONALD ALEXANDER | 50 | PETRA T. ELIZALDE |
| 13 | LUIS ALFARO | 51 | DAVID ENRIQUEZ |
| 14 | ROCHELL ALLEN | 52 | JOSEPH FERNANDO |
| 15 | SYLVIA ALLIEU FRANK ALLIEU | 53 | DONALD FISHER |
| 16 | JOHN ARTERBERRY DORIS ARTERBERRY | 54 | MARIA FLORES RAMIRO FLORES |
| 17 | JESUS ARZAGA INGRID LARA | 55 | IMELDA GALLEGOS |
| 18 | ALONSO A. BAEZ FRANCES L. BAEZ | 56 | ALFONSO GARCIA |
| 19 | MCKINLEY BAGBY MALAIKA BAGBY | 57 | ANGELITA GARCIA MARIA GARCIA |
| 20 | NAPOLEON BANKS GWENDOLYN BANKS | 58 | VICTOR GARCIA |
| 21 | MARIA ANGELICA BANUELOS | 59 | MARIA GARIBAY |
| 22 | ROBERT BEARD SHIRLEY BEARD | 60 | MARIA CONCEPCION GOMEZ |
| 23 | RUTHIE BENKS-BIBLE LESLIE BIBLE | 61 | JEREMY GONZALES |
| 24 | DARIO BERNAL | 62 | JOSE GONZALEZ |
| 25 | PETER BERROCAL | 63 | MEEGAN GOODE |
| 26 | ENRAL BETTIS | 64 | BARBARA LEA GOVAN LA VERNIS JAMES GOVAN |
| 27 | CURTES BOARD | 65 | LEWANA GUIDRY HENRY GUIDRY, JR. |
| 28 | DYLAN BROUSSARD KHRISSANDRA BROUSSARD | 66 | KEILA GUIMARAES |
| 29 | GERMAN BUGARIN | 67 | LATHELL HANSBOROUGH |
| 30 | JOEL BYRD SR NORLON DAVIS | 68 | JOANNA HARO |
| 31 | DAVID CAMARENA ANA CAMARENA | 69 | ABDUL HASAN GRACIE HASAN |
| 32 | JOCELYN CARILLO | 70 | AUDREY HEADCOCK RENDELL HEADCOCK |
| 33 | MARIA E CARLOS SALVADOR CARLOS | 71 | KAREN DENISE HENDERSON |
| 34 | EDGAR CARRILLO | 72 | FELIX HERNANDEZ |
| 35 | ANGEL CASTILLO | 73 | JEFFREY HERNANDEZ |
| 36 | YOLANDA CASTILLO | 74 | JOSE MANUEL HERNANDEZ MARIA RUIZ |
| 37 | MARIO CEDANO | 75 | ROSEMARY HERNANDEZ |
| 38 | HENRY CHESTNUT | 76 | RAUL HERRERA JR. |

| # | Name | # | Name |
|---|------|---|------|
| 77 | BETTY HODGE | 115 | ERIKA ORTIZ |
| 78 | YOULANDA JASMINE | 116 | TRINI ORTIZ |
| 79 | ARTIMEASE JENKINS | 117 | LIZETTE PADILLA JEREMY JUAREZ |
| 80 | ISAIAH JIMENEZ | 118 | ALEJANDRO PARADA |
| 81 | BETTY DAVIS JOHNSON | 119 | VERONICA PARRISH |
| 82 | WILLIE JOHNSON, SR. | 120 | RAMONA PAXTON JOHN PAXTON |
| 83 | MICHAEL JONES PRIOLEAU MCGRUDER-JONES | 121 | MANUEL DE JESUS PERDOMO |
| 84 | TONY RAY KELLEY JR SONYA RENEE HENDERSON | 122 | DANIEL C. PEREZ PASCUALA MENESES PEREZ |
| 85 | VERONICA KING KRISTOPHER KING | 123 | BONNIE PURNELL |
| 86 | VONETTA LANE | 124 | CARLOS E. QUEVEDO FLORISEL GUTIERREZ |
| 87 | DENISE LATHON | 125 | FEDERICO N RAMIREZ |
| 88 | RENEE LAX | 126 | LUIS G. RAMIREZ |
| 89 | DONOVAN LEE VALERIE LYNN NELSON-LEE | 127 | OLGA RAMIREZ ROBERT RAMIREZ |
| 90 | JOHN LITTLER FRANCES LITTLER | 128 | ABIGAIL RAMOS |
| 91 | RIGOBERTO P LOZANO | 129 | JOHNATHAN ROBINSON DEBORAH TURNER ROBINSON |
| 92 | ROBERT MACIAS | 130 | ALEXIS RODRIGUEZ |
| 93 | JENNAYA MACKLIN | 131 | MARTA RODRIGUEZ LUIS RANGEL |
| 94 | RICHARD MADRID RENITA MADRID | 132 | JOANN ROGERS |
| 95 | ANTHONY R. MARTINEZ | 133 | ANAYA ROMUALDO |
| 96 | ARMANDO ANTONIO MARTINEZ | 134 | BETTY ROYAL |
| 97 | MARCOS MARTINEZ | 135 | ABDUL ALI SAAFIR |
| 98 | PERLA MARTINEZ | 136 | CYNTHIA SANCHEZ |
| 99 | SAMUEL MCCLURE SHIRLEY MCCLURE | 137 | JESUS SANCHEZ ESTELA CALDERON |
| 100 | JOSEPH MCCROSKY VIRDIA MCCROSKY | 138 | JUANA LETICIA SANCHEZ |
| 101 | SALLY MEDINA | 139 | MARIA DEL CARMAN SANCHEZ |
| 102 | ANTHONY RICHARD MEJIA | 140 | TERESA S. SANDOVAL |
| 103 | IVONNE MENDOZA RENE LEON FARFAN | 141 | ANTONIO SANTIAGO ROSE MARY SANTIAGO |
| 104 | SHAWNA MENDOZA JOSE MENDOZA, JR. | 142 | MARTIN SEGURA |
| 105 | FELIX MIGUEL | 143 | OLLIE SIMS |
| 106 | GUSTAVO MIRANDA | 144 | BRENDA SMITH DON SMITH |
| 107 | VICTOR MONTALVO ARACELY SORIANO | 145 | MARIA SOUTO |
| 108 | GUSTAVO MONTES | 146 | CLAUDIA SPENCER |
| 109 | DULCE MORALES | 147 | ELLA STEWART |
| 110 | ELIZABETH C. MORALES | 148 | JAMES STRONG ELVA STRONG |
| 111 | SARA I MOSTACERO | 149 | ANA TEJEDA |
| 112 | MARTIN NAVARRO NATIVIDAD NAVARRO | 150 | ANTONIO SOTO TORRES |
| 113 | RALPH NIXON | 151 | PEACE UDECHUKWU |
| 114 | CLAUDIO ORELLANA ESTHER GILES | 152 | JOSE VALADEZ |

Exhibit C to Report and Recommendation in *Steele v GE Money Bank et al*, No. 08-cv-1880 (N.D. Ill.)
Page 3 of 9

| | | | |
|---|---|---|---|
| 153 | VICTOR VALENCIA | 191 | ERNESTO DIAZ |
| 154 | ROBERTO VASQUEZ DIANA ALCANTAR | 192 | JOSUE EGALITE DOMINIQUE EGALITE |
| 155 | LETICIA VERDUGO | 193 | ERICK E. FELICAINO ENID D. FELICIANO |
| 156 | MARIBEL VILLAGRANA DIONISIO CORRAL | 194 | RAMONA GARCIA |
| 157 | JONI VILLANUEVA | 195 | LYNETTE HILL |
| 158 | LIGAYA VILLASENOR | 196 | NATASHA HOPE EDWIN HOPE |
| 159 | CHRISTOPHER WALKER | 197 | ALEXIS IZQUIERDO |
| 160 | PETER WENGEL | 198 | DAVID L. JACKSON |
| 161 | JIMMIE WHITE WHITE TADA | 199 | MICHAEL JIMENEZ |
| 162 | ZENOBIA WHITE | 200 | HENRY H. LAUREANO |
| 163 | PAMELA WILLETT | 201 | ROSARIO C. LEYVA FRANCISCO LEYVA |
| 164 | ANTHONY WILLIAMS LANAE WILLIAMS | 202 | JENNIFER D. LONG |
| 165 | KEISHA WILLIAMS | 203 | RICHARD MANNING |
| 166 | RENITA WOODS ELGINA WOODS | 204 | JOSE MUNIZ MARISEL MUNIZ |
| 167 | FELICIA YOUNGER KARRE-ANN WILKE | 205 | NELSON OBANDO |
| 168 | GABRIEL ZAMORA | 206 | SAMUEL ODOM DESIREE ODOM |
| 169 | ALEJANDRA ZELEDON | 207 | VIONETTE QUERO |
| 170 | JIM JESSE GALLEGOS MARY L. GALLEGOS | 208 | EDEL QUINTANA |
| 171 | ANNIECE R KRUSHALL | 209 | JORGE S. RAMIREZ |
| 172 | SHEREE THOMAS | 210 | ORMANI REINA |
| 173 | JUSTINA AMARO ROBLES | 211 | GLORIA ROBINSON |
| 174 | CORNELIUS HOWARD | 212 | AUBREY ROGERS |
| 175 | LEFRANC JEAN-CHARLES | 213 | MARCIA V SMYTHE |
| 176 | WILLIAM NIEVES | 214 | JOSE TORRES |
| 177 | ELVIS RIVERA NICOLE BROWN | 215 | CASONIA WILLIAMS |
| 178 | LINO HERIBERTO TENEMAZA | 216 | ERIC YANCY VICTORIA YANCY |
| 179 | ROBERT R. ROBINSON | 217 | SANDRA BUSSEY |
| 180 | ALPHONZO LEE SCOTT JUANITA SCOTT | 218 | SYLVIA CLARK |
| 181 | DOUGLAS BAYLOR | 219 | LAVERNE GREEN |
| 182 | MARY BENJAMIN | 220 | PHEONNE HOPKINS |
| 183 | DEVON MARTIN | 221 | TOMMY MANNING |
| 184 | LORENA ALVEZ | 222 | WILLIE MCGOWAN |
| 185 | ALBERTO ARCIA | 223 | JACQUELYN GARCIA J.ANDY GARCIA |
| 186 | OLIN BAGLEY CHIQUITA BAGLEY | 224 | ISREAL PESINA ANDREA PESINA |
| 187 | CHRISTINA HUTCHINSON BROWN TERRELL BROWN | 225 | LORENZA BAHENA-FLORES |
| 188 | NORMA C CANTARELLO | 226 | CHARLES BROWN |
| 189 | URSULA CORBIN | 227 | LARRY BROWN BELINDA BROWN |
| 190 | JOSE CORDOBA CLAUDIA SANCHEZ | 228 | TEVESTER BROWN |

Exhibit C to Report and Recommendation in *Steele v GE Money Bank et al*, No. 08-cv-1880 (N.D. Ill.)
Page 4 of 9

| | |
|---|---|
| 229 | GILBERT EDOZIEN |
| 230 | CECELIA GARCIA |
| 231 | SHAUN L GAYLE |
| 232 | SONYA HARPER |
| 233 | MARY HUDSON |
| 234 | PRESS JACOBS |
| 235 | LORI JENKINS |
| 236 | SCARLINE JEROME-KON |
| 237 | TAMMERA JOHNSON |
| 238 | MANUEL LUEVANO |
| 239 | ROSEANNA J MCINTYRE |
| 240 | KENNETH WASHINGTON |
| 241 | ARCHIE STUDSTILL JANET STUDSTILL |
| 242 | REGINALD R BENSON ADELENE C BENSON |
| 243 | SPENCER LAWRENCE |
| 244 | ARNOLD BAKER |
| 245 | DERRICK DANIELS |
| 246 | RHONDA SHEREE DAVIS |
| 247 | MICHELLA JOSLYN HARMON TYRONE JEFFREY HARMON |
| 248 | ROBERT E. JOHNSON |
| 249 | SHIRLEY JOHNSON |
| 250 | DEDRICK LYNN MILBURN |
| 251 | MARY VANESSA NUNNERY |
| 252 | KATHY JANE RABY |
| 253 | OLIZO RICHARD |
| 254 | ANGELITA SHAPIRO |
| 255 | JOHNNY L. VIDRINE BARBARA JASON VIDRINE |
| 256 | TONY WILLIAMS |
| 257 | MYRIAM FRANCOIS JOSLIN PHILEMOND |
| 258 | RAUL GARCIA |
| 259 | LOUISE JEANLOUISE |
| 260 | MARY ROSCOE |
| 261 | MARCEA TAYLOR NICHOLSON |
| 262 | WILMA WILLIAMS CURTIS WILLIAMS |
| 263 | ALFREDA MARIE ABUZAID |
| 264 | JUAN J. ALBERTO |
| 265 | GLADSTONE BLAIR EUCLINE BLAIR |
| 266 | DAYMON V. BOWEN KENNEISHA L. BOWEN |
| 267 | DAWN COOPER |
| 268 | GRACE P DIGGS |
| 269 | DELORES J. DOUGHTY |
| 270 | SHERRON A. FULTON |
| 271 | DEBORAH L. GLASS |
| 272 | MICHAEL GRAY MARTHA GRAY |
| 273 | PAMELA HILLARY CHARLES HILLARY |
| 274 | ISAIAH O IDOWU |
| 275 | FRANK H JOHN JR. MARTHA ADINEW |
| 276 | BERNARD JONES |
| 277 | ELIZABETH KAMARA |
| 278 | DAVID LEWIS |
| 279 | EDNA OGBONNA |
| 280 | BEVERLY E. PROCTOR |
| 281 | MARTIN TAMUKONG |
| 282 | LISA TAYLOR |
| 283 | HAREGEWOYN TEKESTE |
| 284 | JASON THOMPSON CHRISTOPHER THOMPSON |
| 285 | HAROLD W TUCKER III |
| 286 | CHUKWUEMEKA UCHENDU |
| 287 | CARLOS VALLEJO |
| 288 | PEGGY ANN WATKINS MICHAEL WATKINS, SR. |
| 289 | CELESTE WENEGIEME |
| 290 | JACQUELINE LONG |
| 291 | KIM A BLALARK RONALD E BLALARK |
| 292 | RAINIER CONLEY SR |
| 293 | ROBERT FRANKLIN |
| 294 | ALESHIA ALEXANDER |
| 295 | MARTHA CLAY |
| 296 | ROSE MARIE COLLINS |
| 297 | MARCUS DAVIS |
| 298 | KIMBERLY Y DAWSON |
| 299 | THIRCHRISTA HALL |
| 300 | KEITH NELSON |
| 301 | ELIZABETH WILLIAMS |
| 302 | SHELIA WINDOM |
| 303 | MARIA MOONEN |
| 304 | HAROLD MACKEY LISA G. MACKEY |

Exhibit C to Report and Recommendation in *Steele v GE Money Bank et al*, No. 08-cv-1880 (N.D. Ill.)
Page 5 of 9

| # | Name | # | Name |
|---|------|---|------|
| 305 | CLAUDIA BELLO | 343 | KAREN PERCACCIO |
| 306 | HASSAN ABDULLAH | 344 | RAMON RIVERA TARA L ALETRAS |
| 307 | VIRGINA ANDERSON | 345 | SYLVIA RIVERA |
| 308 | WILLIE BAKER | 346 | ERIK SANTIAGO |
| 309 | SLEAH BRADLEY LATOYA BRADLEY | 347 | MAUREEN O. SHAND |
| 310 | LEE EVANS | 348 | NICOLE SWIENT LAMONT SWIENT |
| 311 | JENINA HARDISON | 349 | EBONIE ALLEN |
| 312 | BELINDA MITCHELL | 350 | AMBER COPPOCK |
| 313 | ESTHER NEEQUAYE | 351 | GLADYS M. JENKINS |
| 314 | SHIRLEY PAGE | 352 | DELIBRA LOVETT |
| 315 | LUIS PEREZ | 353 | RICARDO MARSHALL |
| 316 | LUISA PONCE | 354 | THOMAS GARCIA |
| 317 | REGINA POWELL | 355 | LADONNA JACKSON |
| 318 | ANGELINA SANTOS | 356 | PIER ROBINSON |
| 319 | ELISA SHERIDAN JAMES SHERIDAN | 357 | ZANDRA RAWLINS |
| 320 | LINA MARIA VALLEJO | 358 | EVELYN VIERA |
| 321 | LETHIA WALLACE | 359 | TRESA WASHINGTON |
| 322 | LINDA ROMERO TIM ROMERO | 360 | ROSA CABRERA |
| 323 | MIGUEL GARCIA | 361 | TERETHA BLACKBURN |
| 324 | FRANSISCO NARANJO-ZENDEJA | 362 | HAROLD BURTON |
| 325 | ALFREDO NEVAREZ | 363 | MICHAEL HARRIS SONJA HARRIS |
| 326 | THERESA ANTOINE | 364 | RICKEY MORRIS |
| 327 | JELANI ARNOLD SONIA ARNOLD | 365 | LEORLA STONE |
| 328 | IMMACULA AUGUSTIN | 366 | GOLDIE TAYLOR CHARLES TAYLOR |
| 329 | JORDAN BELL | 367 | DEWAYNE WILSON |
| 330 | PAMELA BELLAMY | 368 | EARLEANE D. WOODS |
| 331 | JIMMY BRISTOW | 369 | VICTOR ZAMORA |
| 332 | MANUEL CAJAS | 370 | NELLIE ANDREWS |
| 333 | FANY CHACON ALFREDO CHACON | 371 | EDDIE BASSETT |
| 334 | NORMA DAVILMAR | 372 | RIGOBERTO CASTILLO |
| 335 | SHEILA J. HAYNES | 373 | ARMANDO AGUIRRE CERROS SILVIA URBINA |
| 336 | KATHY ANN JAMES-WILES | 374 | PAULETTE CLEMMONS |
| 337 | RODWELL JONES | 375 | TRACY COGGINS |
| 338 | GLORIA MCPHERSON | 376 | LOUIS COLBERT SHARA COLBERT |
| 339 | WANDLAY MICHEL | 377 | JUAN E. COLORADO DAISY TOVAR |
| 340 | RICARDO MILLWOOD WINNIFRED MILLWOOD | 378 | HASSAN ETTU |
| 341 | ARLEYAH MORRIS | 379 | CHAD EVERETTE FRANKS |
| 342 | SYTERIA NELSON | 380 | BEVERLY GAINES |

Exhibit C to Report and Recommendation in *Steele v GE Money Bank et al*, No. 08-cv-1880 (N.D. Ill.)

Page 6 of 9

| # | Name | # | Name |
|---|------|---|------|
| 381 | ROBERT GARCIA GUADALUPE GARCIA | 419 | ROBERT JONES JR |
| 382 | JOSEPH GARZA | 420 | LONNIE LECLARK |
| 383 | MAURICE GREEN | 421 | SYLVIA M. MCMILLAN |
| 384 | MARTHA HAMILTON | 422 | MEKURIA MULUGETA NEGIA |
| 385 | ANDRE P HESTER | 423 | MARY TAMENO |
| 386 | GWENDOLYN A JAMES GILBERT HAWTHORNE, III | 424 | ALLEN WILSON |
| 387 | ANNA JAVIER | 425 | CAROLYN KING |
| 388 | DENISE JOHNSON | 426 | SANDRA ROBINSON |
| 389 | ROGELIO LLANAS | 427 | JOSE C ALVAREZ |
| 390 | CARMEN MARTINEZ | 428 | JOSE L BARAJAS |
| 391 | CHRISTOPHER MCBRIDE | 429 | ANNE EARL WALLER |
| 392 | LARRY MCCULLY JAVANNAH MCCULLY | 430 | NINETH RECINOS |
| 393 | MARIA MELENDEZ | 431 | ERICKA BRUMFIELD |
| 394 | JEFFERY MITCHELL | 432 | MAXINE ALLAN KIMICHO ANDERSON |
| 395 | VERONICA MORENO | 433 | TERESA VILLA |
| 396 | LINDA MUNOZ | 434 | THOMASA HENLEY |
| 397 | MICHAEL NELSON | 435 | DIONICIO RODRIGUEZ |
| 398 | KERRI L NETHERLY WILLIE NETHERLY, JR. | 436 | MICAH K. HENDRIX |
| 399 | MANUELA NOBLE | 437 | MARY WADY |
| 400 | WANDA DENISA NUBINE | 438 | ELISEO MENDEZ NORMA MENDEZ |
| 401 | TONY NUNEZ MINNIE NUNEZ | 439 | VALENCEIA PRATHER |
| 402 | JUAN ORTIZ GRACIELA ORTIZ | 440 | SHIRLEEN CHAMPAGNE |
| 403 | RAUL ROMERO MAGDALENA ROMERO | 441 | JOHN LASSITER |
| 404 | DARRYL SCOTT CHEROLYNN SCOTT | 442 | ELENORE J LAUB MARGARET VASQUEZ |
| 405 | REGINA SMART | 443 | SONIA JIMENEZ |
| 406 | JOBENJY TAVERAS JOSEPHINE TAVERAS | 444 | DAGOBERTO LOPEZ ELISA LOPEZ |
| 407 | MARY TAYLOR ROSCO TAYLOR | 445 | GLORIA ROBLEDO |
| 408 | LYDIA TURRUBIATE RICARDO TURRUBIATE | 446 | DYNELLA HITE |
| 409 | DEKESHA L. VAUGHN | 447 | FELIPE PECH SOCORRO PECH |
| 410 | LUIS VELAZQUEZ | 448 | BELINDA BUSH |
| 411 | ALANA WILLIAMS MALVIN WILLIAMS | 449 | LEILA JONES |
| 412 | PEGGY CHLOE | 450 | YOLANDA AGUIRRE |
| 413 | JESSE M. DESHAZO NATALIE D. SAUNDERS | 451 | NAJWA A. KAREEM |
| 414 | LESTER W. ELLIS FRANCES L. ELLIS | 452 | LOUIE BRACAMONTE LISA BRACAMONTE |
| 415 | LINWOOD FLETCHER BESSIE FLETCHER | 453 | STEPHANIE B. AVERY |
| 416 | MELISSA M. JACKSON | 454 | QUINCY DUNLAP |
| 417 | CURTIS JOACHIM | 455 | VANUZE LIMA |
| 418 | PATRICIA A. JOHNSON | 456 | ISABELLE C. MCMILLIAN |

Exhibit C to Report and Recommendation in *Steele v GE Money Bank et al*, No. 08-cv-1880 (N.D. Ill.)
Page 7 of 9

| | | | |
|---|---|---|---|
| 457 | RUDOLPH ROSAS JUDITH ROSAS | 495 | JENNY BRITO EDWIN BRITO |
| 458 | RUBEN MEJIA IRMA MEJIA | 496 | SAL QUEZADA LIZ QUEZADA |
| 459 | CHANDRA N. TYNER | 497 | ESTER MAYS |
| 460 | JOLLY FREDERICK ANGELENE WHITE FREDERICK | 498 | GINA JACKSON |
| 461 | JOSEPH CALHOUN | 499 | VERONICA SALINAS |
| 462 | NICOLE RENEE SELF | 500 | MORAYMA GARCIA |
| 463 | STANLEY WILLIFORD | 501 | JOYCE ANN ROBINS |
| 464 | MICHAEL LINDSAY | 502 | JOE GARCIA |
| 465 | CARLOS LUA | 503 | IRMAETTE BROWN |
| 466 | ANGELA SERITA CHILES JAMES CHILES | 504 | ERIC ELLIS |
| 467 | JOSE SOTO ALICIA SOTO | 505 | ERIC T. VALDEZ SOMMER RIVERA |
| 468 | IRIS FARABEE | 506 | ALBERTO ALVAREZ |
| 469 | JUANITA MCKNIGHT | 507 | ERIC DEWAYNE RUSSELL DEBRA COLEMAN-RUSSELL |
| 470 | ANABEL HINOJOSA OSCAR HINOJOSA | 508 | KYLE KYLE |
| 471 | ROSALIA GARCIA | 509 | VALENCEIA PRATHER |
| 472 | FRANCISCO RODRIGUEZ MARIA VILCHEZ | 510 | LEILA JONES |
| 473 | JAIR SEBASTIAO MARCHET | 511 | CARLOS PERALTA |
| 474 | NATHAN LEE LESLIE LEE | 512 | RONALD C. BOWEN |
| 475 | DENISE POWELL | 513 | JEMARRA NILES |
| 476 | ELLEN MEANS | 514 | MONICA COBAS |
| 477 | DORIS HARRIS | 515 | LISA JACK |
| 478 | ESTHELA DAVILA | 516 | JOHN SMITH NICOLE SMITH |
| 479 | PATRICK PRINCIVIL | 517 | LA MEL YOUNG |
| 480 | ERNIE QUINTERO GABRIELA QUINTERO | 518 | ROBIN CARSON |
| 481 | JOSEPH BOAKYE | 519 | DEBRA WHITE |
| 482 | VONTRANEECE HAYNES WENDELL HAYNES | 520 | DESIREE ECTER |
| 483 | MARIA GLORIA NAVAS DANILO JOSE NAVAS JR. | 521 | FERNANDO MALDONADO |
| 484 | NESTOR MENDOZA MARIA MENDOZA | 522 | SHERRY A. WOMACK |
| 485 | SANDRA WATSON | 523 | DAVID BALDERAS PRISCILLA BALDERAS |
| 486 | DOLORES SANTANA | 524 | ANDRE TAYLOR TRACI TAYLOR |
| 487 | LUIS HERNANDEZ VERONICA HERNANDEZ | 525 | JANE CELENA WATERS |
| 488 | LETICIA CEJA MIGUEL CARDIEL | 526 | TYRONE CALICO |
| 489 | NAKEA TUCKER | 527 | TISA BROWN |
| 490 | MARCUS STARNES ALFREDIA STARNES | 528 | AARON LOPEZ |
| 491 | NORMA MUNIZ | 529 | KATTY RODRIGUEZ LUIS RODRIGUEZ |
| 492 | LATONYA BAUTISTA | 530 | DONNIE KNAULS |
| 493 | ERIC DENA LAUREN DENA | 531 | RICKY ROGERS DELORES BRODIE |
| 494 | VIRGINIA SIMMS DON HARDING | 532 | JESUS R. BRAVO NORMA P. BRAVO |

| | |
|---|---|
| 533 | KEITH STEPHENS DEBRA STEPHENS |
| 534 | JUAN MANUEL CARDENAS |
| 535 | VALERIE DEESE ROBERT DEESE |
| 536 | ANASTASIA A. AMUZU |
| 537 | MATTHEW CUNNINGHAM |
| 538 | HESTER JACKSON |
| 539 | JOHNNY L. GONZALES LELIEN P. GONZALES |
| 540 | DOUGLAS LAVELLE LEE PARKER |
| 541 | KARA GRADY |
| 542 | SCHWARTZ MORRISON CAROLINE MORRISON |
| 543 | TIWONNA R. MOORE |
| 544 | KURT HINDS |
| 545 | LEONCIO PEREZ GUADALUPE ORTIZ |
| 546 | TRANDY F. WILLIAMS ARMAREKA MIAWALIKA WILLIAMS |
| 547 | ANGEL HERNANDEZ OSORI |
| 548 | MARIA ROCIO FLORES |
| 549 | MARIA V. SALMON |
| 550 | MARY ISAAC |
| 551 | ANGEL LIRA TORRES ANGEL ROXANNE TORRES |
| 552 | ERNEST CARMICHAEL EDNA CARMICHAEL |
| 553 | BARRY PRIMES |
| 554 | FREDDIE L. THOMPSON, SR, DEBORAH THOMPSON |
| 555 | PATRICIA JEFFERSON SCOTT HENRY |
| 556 | RONALD HALL |
| 557 | ANTHONY FLETCHER RHONDA FLETCHER |
| 558 | BERTHA WILSON |
| 559 | MARLEN GALLARDO-ROMO BRYAN PADILLA |
| 560 | CHAMIKA HARDNETT |
| 561 | MARIO KELLY LISA KELLY |
| 562 | MARIA RENTERIA |
| 563 | PETER SAN MIGUEL |
| 564 | GLORIA AREVALO JOSE AREVALO |
| 565 | ALEXANDER VERDUZCO |
| 566 | KERETH CARROO |
| 567 | NIGISTI GEBRE MICHAEL ZERAHAIMANOT |
| 568 | BEVERLY WILSON |
| 569 | LORENZO ALBERTO BIDDY DASHAWN SHANISE BIDDY |
| 570 | WALTER WILLIAMS |

| | |
|---|---|
| 571 | KATRINA BASS |
| 572 | JAIME VELASQUEZ |
| 573 | OMAR CARDENAS |
| 574 | JANICE MCCOY WILLIE WILLIAMS |
| 575 | MATTIE PERSON |
| 576 | MARY ELIZABETH COVINGTON |
| 577 | DOUGLAS ALVARADO |
| 578 | ROXANA MELARA |
| 579 | BLANCA R. MORAN |
| 580 | HUNTER BRENDA |
| 581 | ARMOND BYERS |
| 582 | JONATHAN VANDUNK |
| 583 | SCHERRI CORPENING |
| 584 | TYRONE SMILEY |
| 585 | BOBBY LEE GRAVES GWENDOLYN FARMER |
| 586 | MARTHEA CALDWELL MICHAEL CALDWELL |
| 587 | ANTHONY LITTLE PORTIA LITTLE |
| 588 | DELLA MARIE ANDERSON |
| 589 | THEODIS JONES |
| 590 | ANGELO CORONILLA |
| 591 | GAIL R. MCGEE |