aEE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT and DORIS STEELE, ERIC R. CHAVEZ, ALEXANDRA DIAZ, and SONIA TORRES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GE MONEY BANK, a federal savings bank, WMC MORTGAGE CORPORATION and WMC MORTGAGE, LLC,<br><br>Defendants. | No. 1:08-civ-1880<br><br>JUDGE MANNING<br><br>MAGISTRATE JUDGE ASHMAN |

## FINAL APPROVAL ORDER

WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order finally approving the settlement of the above-captioned action (the "Action") in accordance with the Stipulation and Agreement of Settlement between WMC Mortgage, LLC ("WMC"), the successor in interest to WMC Mortgage Corp.; plaintiffs Herbert and Doris Steele, Eric R. Chavez, and Sonia Torres ("Class Representatives" or "Plaintiffs"), on behalf of themselves and as putative representatives of the Settlement Class; and, upon class certification for settlement purposes only, each Settlement Class Member (including its exhibits, the "Agreement");

WHEREAS, the Agreement sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice;

WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of themselves individually, and, (upon class certification for settlement purposes only) on behalf of each of the Settlement Class Members, have agreed to release all claims arising under federal, state, local or

other law, statute, regulation, or principle of common law or equity as specified in Section 5 of the Agreement;

WHEREAS, by Order dated September 7, 2010, (the "Preliminary Approval Order") the District Court preliminarily approved the Agreement and preliminarily certified the Settlement Class for settlement purposes only; and

WHEREAS, this Court has read and considered Plaintiffs' Motion, the Agreement, and all arguments and submissions related to the Motion;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all defined terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has subject matter jurisdiction over this Action and, for purposes of this settlement only, has personal jurisdiction over all the Parties, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, this Court hereby approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

4. This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All Black/African-American or Hispanic borrowers (including, without limitation, individual borrowers, joint-borrowers, and co-borrowers) who, between January 1, 2004 and December 31, 2007, obtained a mortgage loan that was made or purchased by WMC Mortgage, LLC or WMC Mortgage Corp.

The Court hereby finds and orders that, by not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to negotiate, execute and implement the Agreement, WMC is not in any way waiving any rights or defenses other than as expressly set forth in the Agreement.

5. The Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs"). The persons appearing on the list annexed hereto as Exhibit 1 are the Opt-Outs, and shall have no right to receive any payments or other benefits from the Settlement, including without limitation, the Settlement Fund. Any member of the Settlement Class whose name does not appear on the list annexed hereto as Exhibit 1 failed timely and properly to file a valid request for exclusion from the Settlement Class as permitted by the Court, and is hereby barred and permanently enjoined from asserting otherwise, and is subject to the terms and conditions of the Agreement, including, without limitation, the release.

6. This Court finds and concludes, solely for purposes of the settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of those members of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the

members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. This Court finds that any applicable requirements of the Class Action Fairness Act have been met.

8. This Court finds that the notice provided to members of the Settlement Class was the best notice that is practicable under the circumstances and fully satisfied the requirements of the Federal Rules of Civil Procedure, Due Process, and any other applicable laws or rules.

9. This Court has considered and hereby overrules all objections to the settlement on their merits.

10. As of the Effective Date, Plaintiffs and each Settlement Class Member, and each of their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, joint-borrowers, guarantors, predecessors-in-interest, successors, assigns and all persons acting or purportedly acting for or on their behalf (including, without limitation, any governmental entity acting as *parens patriae*), fully, finally and completely release and forever discharge, and shall be deemed to have fully, finally, and completely released and forever discharged, the Released Parties, and each of them, from any and all actual or potential claim, right, demand, charge, complaint, action, cause of action, suit, counterclaim, cross-claim, third-party claim, contention, allegation, obligation, and/or assertion of wrongdoing or liability of any and every kind whatsoever (including, without limitation, those based on contract, the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA"), and/or the Fair Housing Act, 42 U.S.C. §3601 et seq. ("FHA"), or any other federal, state, local or other law, statute, regulation, or principle of common law or equity, and including, without limitation,

4

all requests or efforts by any means to seek: damages; punitive damages; disgorgement; restitution; rescission; unjust enrichment; recoupment; set-off; attorneys' fees; costs; expenses; loan and/or security interest modification, invalidity, or avoidance; monetary, equitable, declaratory, or injunctive relief; or any other form of relief or protection), whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class Representatives or any Settlement Class Member ever had, now has, or may have in the future, resulting from, arising out of, or in any way, directly or indirectly, connected with (a) any of the claims or allegations raised in the Action (including, without limitation, in the Third Amended Complaint), or (b) any claims which could have been raised in the Action based on the same transactional nucleus of facts (including, without limitation, in the Third Amended Complaint).

11. As of the Effective Date, Plaintiffs and each of the Settlement Class Members are deemed to have waived Section 1542 of the California Civil Code (and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any other jurisdiction, and any principle of common law or equity), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts other than, in addition to, or different from, those facts which they now

know or believe to be true with respect to the subject matter of the Action or the settlement, and that they fully, finally and forever release and discharge all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such other, additional or different facts.

12. As of the Effective Date, each of the Settlement Class Members represents and warrants for himself or herself that he or she has not assigned, sold or otherwise transferred any claim that he or she previously has that otherwise would fall within the scope of the Released Claims.

13. Plaintiffs and each Settlement Class Member, are permanently barred and enjoined from prosecuting any legal proceeding against any Released Party with respect to the Released Claims or actions taken by a Released Party that are authorized or required by the Agreement, the Preliminary Approval Order, the Final Approval Order, or the Judgment. This injunction is necessary to protect and effectuate the settlement, this Final Approval Order, and this Court's flexibility and authority to effectuate this settlement and the Final Judgment and Order of Dismissal, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

14. Nothing in the Agreement, the Preliminary Approval Order, the Final Approval Order or the Judgment, detracts from the validity or enforceability of any Settlement Class Member's obligations on any loan(s), nor does anything in the Agreement, the Preliminary Approval Order, the Final Approval Order or the Judgment detract from the validity or enforceability of any promissory note(s), deed(s) of trust, mortgage(s) and/or security interest(s). Each Settlement Class Member waives and is deemed to have waived any contention that any

claim(s) by any of the Released Parties against a Settlement Class Member should have been asserted as a compulsory counterclaim in this Action.

15. This Court approves an award to be paid from the Settlement Fund to Settlement Class Counsel of $1,200,000 in attorneys' fees and costs (plus interest actually accrued on such amount from the date of the Settlement Fund's creation, less a proportionate share of any fees charged by the escrow holder for maintenance of the Settlement Fund), and service awards of $5,000 for each of Class Representatives: (i) Herbert and Doris Steele (collectively); (ii) Eric R. Chavez; and (iii) Sonia Torres (plus interest actually accrued on such amount from the date of the Settlement Fund's creation, less a proportionate share of any fees charged by the escrow holder for maintenance of the Settlement Fund). The service awards shall be in addition to any claims Plaintiffs may have as Authorized Claimants. This Court, having presided over the above-captioned action and having considered the materials submitted by Settlement Class Counsel in support of final approval of the settlement as well as their request for attorneys' fees and costs, finds the award appropriate based on the following factors:

(a) The settlement provides substantial benefits for the Settlement Class.

(b) The award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

(c) The awarded fee is consistent with the total lodestar fees of Settlement Class Counsel, based on declarations submitted to the Court.

(d) This litigation raised numerous questions of law and fact, Plaintiffs' Counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims, or obtain class certification.

(e) The Settlement was negotiated at arms' length and without collusion, with the assistance of a highly qualified mediator.

(f) By receiving payment from a common fund, Settlement Class Counsel's interests were fully aligned, during the settlement negotiation process, with those of members of the Settlement Class, such that Settlement Class Counsel had appropriate incentives to maximize the size of the common fund.

16. WMC and the other Released Parties shall have no liability or responsibility whatsoever with respect to the maintenance, administration, preservation, investment, use, allocation, adjustment, administration, distribution, and/or disbursement of any amount in the Settlement Fund or otherwise paid pursuant to the Agreement or with respect to any claim by any member of the Settlement Class concerning the handling or resolution of his, her or its claim(s) with respect to the Settlement Fund. In addition, WMC and the other Released Parties shall have no liability or responsibility whatsoever with respect to the Notice.

17. This Final Approval Order, the Judgment, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to, in furtherance thereof, or in seeking entry of this Final Approval Order, the Judgment or the Preliminary Approval Order:

(a) Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any of the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the validity of any defense that has been or could have been

asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

(b) Will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing whatsoever, by WMC or any of the other Released Parties, or of the truth of any of the claims or allegations in this Action. Evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and/or the Final Judgment and Order of Dismissal;

(c) Will not be construed against WMC as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

18. The Released Parties may file the Agreement, this Final Approval Order and/or the Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. The Court hereby finds and orders that, by not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to negotiate, execute and implement the Agreement, WMC is not in any way waiving any rights or defenses other than as expressly set forth in the Agreement. In addition, neither certification of the Settlement Class for settlement purposes only, nor any court order or other act relating to the

negotiation, execution, or implementation of the Agreement, shall be considered as a factor in connection with any class certification motion(s) if the Agreement terminates or Final Settlement Approval does not occur.

20. In the event that any of the provisions of this Final Approval Order is asserted by any Released Party as a defense in whole or in part to any Released Claim, or otherwise asserted (including, without limitation, as a basis for a stay), in any other suit, action, arbitration or other proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action, arbitration or other proceeding shall be immediately stayed and enjoined until this Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible. Solely for purposes of such suit, action, arbitration, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. This paragraph 20 is necessary to protect and effectuate the Agreement, this Order, and this Court's flexibility and authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

21. The Court further finds that if Final Settlement Approval does not occur or if the Agreement terminates prior to Final Settlement Approval, the Parties shall return to the *status quo ante*, in the Action, without prejudice to the right of any Party to assert any right or position that it could have asserted if the Agreement had never been reached, proposed, preliminarily approved or finally approved by the Court. In such an event, nothing in (1) the Agreement (as

well as the negotiation, execution or implementation of the Agreement), (2) the Preliminary Approval Order, the Final Approval Order, or the Judgment, or (3) filed in connection with seeking entry of the Preliminary Approval Order, Final Approval Order, or the Judgment, shall be construed as an admission or concession by WMC of any of the allegations raised in the Action or any other action, of any fault, wrongdoing or liability of any kind, or of the propriety of certification of a litigation class, nor is WMC estopped from (i) challenging those allegations in further proceedings in the Action or in any other action, or (ii) opposing any subsequent class certification motion(s). Moreover, in such event, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class, including, without limitation, the right to move to compel arbitration as to any claims that might be asserted by any of the Plaintiffs or by any member of the proposed Settlement Class and the right to oppose any class certification motion(s) on any ground. In addition, in such event, the filing of the Third Amended Complaint and the certification of the Settlement Class shall be vacated, and the operative complaint in the Action shall be the Second Amended Class Action Complaint filed on March 20, 2009, and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification motion(s).

22. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction to implement the Final Approval Order and or the Final Judgment and Order of Dismissal. Settlement Class Counsel are to continue in their role to oversee all aspects of the Agreement and settlement. Upon notice to Settlement Class Counsel, WMC may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be

necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the this Final Approval Order or the Final Judgment and Order of Dismissal.

**IT IS SO ORDERED.**

DATED: JUN 0 1 2011          By: *Blanche M. Manning*
                                 Honorable Blanche M. Manning
                                 United States District Judge

# Exhibit 1

# Steele et al. v. GE Money Bank et al. Exclusion Requests

Name

1.) Ruthell Dorham
2.) Kim Peacock
3.) Olaykinka Akinmarin & Ben Adegbembo
4.) Marco Villalobos
5.) Angela Ybarra
6.) Elbert Hill Jr & Veronica Hill
7.) Rick & Christine Holguin
8.) Jose M. Galindo
9.) Nyrevere Williams
10.) Tonisha Hampton *
11.) Edward Richardson
12.) Lem Burnham
13.) Deborah Theodule and Ralph Theodule
14.) Tina Brown *
15.) Norbert Mudaheranwa *
16.) Claudia Ratcliffe
17.) Mutombo Kankonde *
18.) Elaine Banks *
19.) Deborah Beale & Roosevelt Beale
20.) Karen Davis
21.) Victor Negrete & Ana Velasco de Negrete
22.) Vernice Aguilar
23.) Alex Salas & Pamela Jones
24.) Lillian Onasanya
25.) Maria Barrios
26.) Greg Gholston & Brenda Gholston
27.) Tracey Baker-Simmons & Karriem Simmons

* Exclusion requestors listed above with an asterisk (*) after their names failed to provide the associated loan number(s) in their requests; however, A.B. Data was able to match these requests to records within the Class List.